JULIA A. BRETZ, Respondent, *vs.* WILLIAM M. MATNEY, EXECUTOR OF JOHN BRETZ, DEC'D, for Appellant.

1. *Wills—Dower, devise in lieu of—Acceptance or rejection by widow.*—
—Where a will contains a devise to the widow, in lieu of dower, under our statute concerning dower, (Wagn. Stat., 541, ¿ 16) no acceptance of the devise is required; if nothing is done within a year after probate, the law presumes her acquiescence; but she may, at any time within the year, reject the will.

As our law does not provide for her acceptance or election, such acceptance or election, if made, would amount to nothing, and she could, at any time within the year, reject the will, notwithstanding. And even where the will, in terms, requires "an acceptance" of its provisions, the rule is the same.

*Appeal from Buchanan Circuit Court.*

*B. R. Vineyard, with A. H. Vories,* for Appellant.

I. The will required an election, and when the widow elected to take under the will it provided that the bequest should "be in lieu of her dower in the whole estate" of the deceased. (Pemberton vs. Pemberton, 29 Mo. 408 ; Brant's Will, 40 Mo., 277 (at bottom); 2 Sto. Eq. Jur., § 1075—1123 and cases cited; Wagn. Stat., 541, §§ 15, 16.)

II. The status of the rights of the widow under the will and in the estate of her deceased husband, was fixed when she elected to take under the will, and could not be changed by a subsequent renunciation of the provisions of the will.

There is no fraud or mistake set up or shown. She elected with full knowledge of the facts, and she is bound by that election. If she elected rashly, it was her fault, not that of the law. (Davis vs. Davis, 11 Ohio St., 386.) This case, decided in 1860, is directly in point. (Light vs. Light, 21 Penn. St., 407 ; Van Orden vs. Van Orden, 10 Johns., 30 ; Brant's Will, 40 Mo. 277.)

III. It is true that the widow, under the statute (Wagn. Stat., 541, § 16), might have withheld her election for any time short of a year after the probate of the will ; but the statute did not design to give her the right of accepting and rejecting the provisions of the will as many times as she saw fit during that year. It was the intention of the legislature

to give her ample time to ascertain the condition of the estate, and the nature of the bequest to her, before compelling her to decide whether she would choose the bequest or reject it; but when she once made her election, unless she was imposed upon or acted through mistake, it was designed that her election should be final. (Davis vs. Davis, 11 Ohio, 386; Light vs. Light, 21 Penn. St., 407; Van Orden vs. Van Orden, 10 Johns., 30.)

*Tutt, with Loan,* for Respondent.

I. John Bretz, by his will, could not nullify the provisions of the statute. The statute allowed her twelve months after the probate of the will, in which to renounce the provisions of the will in her behalf.

The law secured her this right of renunciation for twelve months after the probate of the will, and this right under the law, cannot be abridged by any conditions that her husband might insert in his will.

As a matter of law, she took her dower under her husband's will, unless she renounced the provisions made for her within one year. But if within one year she elected to renounce the provisions made for her, she was then entitled to her dower under the law. (Watson vs. Watson, 28 Mo., 300.)

II. There was no consideration for the acceptance obtained from her by Matney.

III. Nor is there sufficient to work an estoppel *in pais.* There is no evidence in the record to show that the estate of Bretz, or of any one interested in it, would be prejudiced by allowing Mrs. Bretz to disregard it. No burdens would be cast upon the estate or them, that were not imposed upon them before it was executed, and they have given nothing to be relieved of the burden.

To establish an estoppel *in pais,* there must be some act or admission inconsistent with the claim set up, action by the parties, upon such act or admission, and injury resulting therefrom if such act or admission be allowed to be disregarded.

These elements do not concur in this case. (See Taylor vs. Zepp, 14 Mo., 482; Newman vs. Hook, 37 Mo., 207.)

NAPTON, Judge, delivered the opinion of the court.

This case involves the construction of the will of John Bretz, and of our statutes concerning Wills and Dower.

That portion of the will of Bretz concerning his widow is this : " It is my will that my wife, Julia Ann, may keep all that portion of the tract of land upon which I live, that lies east of the road running north through said tract, which will be about thirty-five acres, including all the buildings, so long as she remains my widow, or so long as she may live, but whenever she should marry again, or whenever she should die, then my executors shall take possession of it and sell it, as any other land. In addition to the thirty-five acres of land just mentioned, it is my will that she shall have $1,000, to be paid to her in three annual instalments. She is, however, to commit no waste upon the premises, and is to pay the taxes promptly that may be assessed against it. The use of the thirty-five acres of land and the $1,000, above mentioned, are to be in lieu of dower in my whole estate, which she is required to relinquish before she is authorized to keep the land above mentioned, as well as the one thousand dollars mentioned ; but should she decline accepting the foregoing bequest or proposition, then, it is my will that she may select and take a child's part, which, however, is to be in lieu of dower as before mentioned. In either case, she shall be required to file her acceptance in the Probate Court within one year after my death, or before she can inherit anything."

This will was probated 25th June, 1873 ; on the 23rd July, 1873, Julia A. Bretz filed the following writing ;

" To the Hon. J. P. Pettigrew, Judge of the Probate Court of Buchanan county. You are hereby notified, that I hereby accept the bequest and legacy made to me by my late husband, John Bretz, in his last will and testament, filed for probate in your office, which said bequest and legacy embrace the use of the home place, of thirty-five acres, of said Bretz, during my natural life or widowhood, and a gift of $1,000, to be paid in three equal annual instalments, and in consideration of said bequest and legacy, I hereby accept the terms and conditions

of said bequest and legacy so made in said will, and hereby relinquish all my right of dower, and all other claims of whatsoever kind I might have in said estate of said John Bretz, deceased, under the laws of the State of Missouri, as his widow. In witness of all which, I have hereunto set my hand and seal, this 23rd July, 1873. Julia A. Bretz."

In November, 1873, the widow filed in the Probate Court, her non-acceptance of the will, and elected to take a share in the estate of her deceased husband, equal in all things to her dower interest in said estate. This was within the year, and her right to renounce the will was allowed, notwithstanding her previous acceptance; and the only point in the case is whether the court did right in allowing her renunciation of the will, after she had accepted its provisions; the renunciation having been made within the year, in accordance with the 15th and 16th sections of the act concerning Dower. (Wagn. Stat., 541.)

The 15th section declares, that "if any testator shall, by will, pass any real estate to his wife, such devise shall be in lieu of dower out of the real estate of the husband, whereof he died seized, or in which he had an interest at the time of his death, unless the testator, by his will, otherwise declared."

By the 16th section it is provided, that "in such case the wife shall not be endowed in any of the real estate whereof her husband died seized, or in which he had an interest at the time of his death, unless she shall, by writing, duly executed and acknowledged, as in cases of deeds for land, and filed in the office of the court in which the will is proven and recorded, within twelve months after the proof of the will, not accept the provisions made for her by said will."

Under our statute, no acceptance by the widow is required; if nothing is done within the year by her, the law presumes her to have acquiesced. But she may, at any time within the year, reject the will.

In this case the rejection of the will is formally made within the time fixed by the statute.

The only objection to this renunciation is, that the widow had previously entered, in the Probate Court, a formal acceptance of the provisions of the will. No such acceptance was required by our statute, nor was any election between the will and the law to be made. Our law says, the widow shall be presumed to acquiesce in her husband's will, unless within twelve months after its probate she chooses to renounce. The year is given to her to renounce, for reasons which are obvious. Her acceptance, however repeated, amounts to nothing. She has a year within which to make up her final intention, and there is nothing in our statute to deprive her of this right.

The case of Davis vs. Davis, 11 Ohio, 386, is relied on to show that an election, once made by a widow, is irrevocable. This case was decided under a statute of Ohio, essentially different from ours. The judge who delivered the opinion of the court seems to assume that under the Ohio statute, the widow had a year within which to make *an election*, and, therefore, decides that when such election was once made, in the form prescribed by law, without fraud or imposition, such election was binding on the widow.

The statute of Ohio required the officers to explain to her the provisions of the will and her rights under it. Under our law, no form of acceptance of a will is prescribed, nor is any explanation of the will required.

And the case of Light vs. Light (21 Penn. St., 413) is referred to as supporting the position, that an election by a widow to take under the will of her husband is an estoppel against her claiming dower, and that such election is binding on her, there being no fraud.

We do not assume to controvert the propriety of these decisions, under the statutes of the States where they were made, but our statute gives the widow twelve months within which she can reject her husband's will, and requires no formal election between the will and the law; and, we suppose, she is entitled to the twelve months allowed her by statute, although she may formally accept the will every day in the year pre-

vious to the last. Such acceptance is purely voluntary, and made within the period during which our statute holds her irresponsible for her acts.

Nor can the will of the husband impose an obligation which the law does not impose. Our statute is designed to confer privileges on widows denied to men; and these privileges are conferred to prevent impositions upon them through their *ignorance of law* or the promptings of impulsive affection.

The case in Pennsylvania seems to be based on the maxim that *ignorantia legis neminem excusat;* but this maxim our statute ignores or suspends, in regard to widows, for a definite period after the death of their husbands.

Judgment affirmed; the other judges concur.