IN THE MATTER OF ESTATE OF PATRICK HANIPHAN, Deceased; C. C. HANIPHAN, Respondent, v. W. F. LONG, Administrator; MARY A. MILLER AND T. L. HANIPHAN, Appellants.

St. Louis Court of Appeals, April 7, 1897.

Descents and Distribution: RIGHT OF WIDOW TO DISTRIBUTION UNDER SECTION 4517, REVISED STATUTES 1889: CONSTRUCTION OF STATUTES. To entitle the widow to distribution under section 4517, of the statute, it is not necessary that the "child or children" mentioned should be her child or children. Section 4522, providing that if the widow fails to elect, as provided in section 4519, she shall be endowed under sections 4513, 4515, 4516, applies only to dower in real estate in case such election is not made, and in no manner interferes with her endowment under section 4517, *supra*.

*Appeal from the Greene Circuit Court.*—Hon. J. T. Neville, Judge.

Affirmed.

*O. T. Hamlin, A. S. Cowden,* and *Francis M. Wolf* for appellants.

Citing sections 4513, 4514, 4516, 4519 and 4522, R. S. 1889.

*Wm. O. Mead* and *T. T. Loy* for respondent.

The judgment of the circuit court is correct. R. S. 1889, sec. 4517; *Hoyt v. Davis*, 21 Mo. App. 235, and citations.

Biggs, J.—Patrick Haniphan died intestate, leaving a widow (the respondent), and two children by a former marriage, viz., Mary A. Miller and T. L. Haniphan. On the final settlement and distribution of the estate, which had reached the circuit court on appeal, a child's part of the personalty was ordered to be distributed to the widow. The administrator of the estate and the two children have appealed from that judgment.

The order of distribution was made under the provisions of section 4517, Revised Statutes 1889, which

RIGHT of widow to distribution under section 4517, Revised Statutes 1889: construction of statutes.

reads: "When the husband shall die, leaving a child, or children, or other descendants, the widow shall be entitled absolutely to a share in the personal estate belonging to the husband at the time of his death, equal to a share of the child of such deceased husband." The contention of appellants is, that to entitle a widow to distribution under this section the "child or children" mentioned, must be her

child or children.  Standing by itself the section will not admit of such a reading, and we can not write such a condition into it, unless other provisions of the statute require the adoption of such a construction.

It may be remarked here that this court has held in *Hoyt v. Davis*, 21 Mo. App. 235, that the property allowed a widow, under section 4517, is dower or "dower in personalty," within the meaning of other provisions of the statute.  The preceding sections, 4513, 4515, and 4516, pertain to the dower right of the widow in lands.  Section 4519 provides, that "when the husband shall die leaving such child or descendants, but not by his last marriage, his widow may in lieu of dower elect to take in addition to her real estate, the personal property in possession of her husband that came to him in right of the wife by means of the marriage, or by her consent in writing, subject to the payment of the husband's debts."  Section 4522 requires such election to be filed in the office of the clerk of the probate court within twelve months after the granting of letters.  If the widow fails to make such election, then the section provides, that "she shall be endowed under the provisions of sections 4513, 4515, and 4516." It is conceded in the present case that Mrs. Haniphan did not make this election, and having failed in this, the contention is, that under the express provisions of section 4522 she can only be endowed under sections 4513, 4515, and 4516, which refer to real estate only, and that respondent is necessarily precluded by the section from the allowance provided by section 4517; hence counsel argue that the latter section can only refer to a widow who had living children by her deceased husband.  Section 4522 as written affords some ground for this contention, but under a fair construction it is evident that it only undertakes to deal with dower in

Vol. 70 app—23

real estate in case the election is not made under section 4519. The idea of the last mentioned section is to give back to a childless widow all property which had come to her husband by means of the marriage, or which had belonged to her and had become his property by her written consent, provided she surrendered all interest in the remainder of his estate. This option is equitable in its character, for in a given case the bulk of an estate may have come to the husband from his wife, and it would be unfair that his kindred should inherit property which, as against them, ought to go to his widow. But if such a widow fails to make such an election then section 4522 provides how she shall be endowed in the real property of the estate, and it in no manner interferes with her endowment under section 4517. By thus limiting or construing section 4522, the entire statute may be administered without difficulty.

Our conclusion is that the judgment ought to be affirmed. All the judges concur.