## SPRATT v. LAWSON et al., Appellants.

### Division One, June 20, 1903.

1. **Will: RENUNCIATION BY WIDOW: ESTOPPEL: ACCEPTANCE.** If the bequests given the widow by her husband's will are less than would have been her statutory dower, she is not estopped to renounce it by the fact that she, in writing indorsed on the will, accepted of the bequests therein given her in lieu of dower, and after her husband's death received part of those bequests and retained them. Such acceptance is without consideration and has no force as a contract. The only way the widow can be estopped to renounce the will is by such an acceptance of its provisions as will operate to induce others to act in such a way that its after-renunciation will result in their injury.

2. ———: ———: **RIGHT OF HUSBAND: TIME OF FILING ELECTION.** The right of the husband to make a will, or bequeath any part of his estate to his wife in lieu of dower, is always qualified by her right to make her election, within twelve months after the probate of the will, to reject its terms and to claim her statutory portion. No number of acceptances by her of its provisions, if made without consideration or injury to others, will prevent her from renouncing it at any time within the twelve months after the probate.

3. ———: ———: ———: **AS AFFECTED BY MARRIED WOMAN'S ACT.** The written acceptance of the will by the wife indorsed on the will itself, if without consideration, is in nowise affected by the fact that married women now have the power under the Married Woman's Acts to contract directly with their husbands.

4. ———: ———: **PARTITION.** Where the widow has renounced the will, a partition of the real estate between her and her husband's devisees can not be postponed for five years after the probate of the will, for, having made her election to take her statutory portion, the partition as to her can not be made under the will.

Appeal from Audrain Circuit Court.—*Hon. E. M. Hughes*, Judge.

AFFIRMED.

*T. S. Carter* and *W. W. Fry* for appellants.

(1) Nannie S. Spratt should not be permitted to renounce this will, and her written acceptance of it,

because her acts in this case are fraudulent. Twenty-eight thousand dollars and more of this estate was personalty. A. D. Spratt in his lifetime could have given every dollar of it to his nephews and nieces or parties to whom he desired it to go without his wife's consent, and he would have done so if his wife had not agreed to the will, or if he had thought she would not abide by her acceptance of the will. (2) Nannie S. Spratt, after her husband's death, elected to take under the will and is bound by her election. With full knowledge of the condition of the estate and the provisions of the will she accepted $1,000 from the executors as legatee; she stated she accepted the will and would take under it. She was present when the household goods and stock were sold and refused to claim any of it and encouraged the executors to sell the same, and declared that she only claimed under the will. She thereby ratified her written election of February 3, 1894, attached to the will. The will provides that "the said $7,000 and accrued interest to be in lieu of all dower in the remainder of my estate." Her written acceptance states, "I accept the above bequest in lieu of all dower or other interest in the estate of my husband, A. D. Spratt." She ratified this written election after his death by accepting and retaining the $1,000, and by her further acts. If this is an election on her part to take under the will, then undoubtedly she is entitled to only what the will gave her. By the terms of the will and her written acceptance this legacy to her was in lieu of all dower or other interests in the estate. By accepting the provisions of the will which gave it in full of all dower and other interest in the estate, she is barred of dower in her husband's personal estate, if not the realty. Pemberton v. Pemberton, 29 Mo. 408; Sheldon v. Bliss, 8 N. Y. 31; Brant's Will, 40 Mo. 266; Bryant v. McCune, 49 Mo. 546; Hasenritter v. Hasenritter, 77 Mo. 165; Glenn v. Gunn, 88 Mo. App. 423; Stewart v. Stewart, 31 N. J. Eq. 398.

*Geo. Robertson* for respondent.

(1) A will can not take effect until after the death of the testator. It speaks from the date of death. Cozzens v. Jamison, 12 Mo. App. 452; Webb v. Archibald, 118 Mo. 299; Vitt v. Clark, 66 Mo. App. 214; Liggatt v. Hart, 23 Mo. 127. The right of the testator to revoke the will existed so long as he lived, and the assent to the will as made is not a contract between the testator and the legatee, nor is she estopped from her right of renunciation. A will not made upon a valuable consideration is always revocable and before a will can be irrevocable it must be something more than a gift or gratuity; it must be made for a valuable consideration. Schouler on Wills, secs. 451-453; Underhill on Wills, 285; secs. 2939, 2948, R. S. 1899; Harnsey v. Case, 21 Mo. 545; 2 Underhill, Wills, sec. 731. In Yorkley v. Stimson, 97 N. Car. 236, it is held that though a widow has received the benefit under the will and expended a part of it, she may, being more fully informed of her rights, revoke her election to accept under the will, and if the payment of a legacy to her has no effect in the distribution of the estate in accordance with the intentions of the testator. The acceptance of the $1,000 from the executors would have no effect, therefore, upon the distribution of the estate. Register v. Hensley, 70 Mo. 189. Certainly if she has received less under the will than she would be entitled to by the exercise of her election, then the estate is not affected, and the executors can simply charge her with the $1,000 received as going to her upon distribution. Had the widow accepted all the provisions of the will, still her right of renunciation would remain for the period of twelve months. That is well settled in this State. Bretz v. Matney, 60 Mo. 444; Burgess v. Bowles, 99 Mo. 543; Lilly v. Menke, 126 Mo. 190, 143 Mo. 147.

(2) Under the statute for the partition of real es-

Vol 176 mo—12

ta+e, section 4373, Revised Statutes 1899, plaintiff had the right to begin her action for partition. The only limitation upon the right to partition is that the court could not order a partition contrary to the provisions of the will. She does not claim under the will and derives no right therefrom. There is nothing in the law requiring that the partition should be withheld until the time has passed for the contesting of the will. Hayes v. McReynolds, 144 Mo. 348.

ROBINSON, J.—Suit by plaintiff (the widow of A. D. Spratt, deceased) against the executors of her husband's will, and the legatees named therein, to have partitioned certain lots in the village of Clark in Randolph county, and about 490 acres of land in Audrain county in this State. The petition sets out the fact that plaintiff is the widow of A. D. Spratt, who died May 31, 1899, childless, leaving a will by which all the land in question was deeded to his sister, Assinia Lawson, and to the children and grandchildren of Hall W. Spratt, a brother of the deceased, and that after said will had been duly admitted to probate plaintiff on the 5th day of June, 1899, filed in the office of the probate court of Audrain county her election to be endowed of one-half of all the real and personal estate of which her husband died possessed; that plaintiff was entitled to one-half of all the land sought to be partitioned and that the defendants were entitled to the other half, and that none of the land named will be required for the purpose of paying debts, as the estate of her deceased husband also consists of a large amount of personal property, and is practically free of debt. Upon the issue joined, a decree was made in compliance with the prayer of plaintiff's petition.

To the judgment entered therein two objections are made by appellant; the first being that partition of the land in controversy can not be made until after the lapse of five years from the date of the probate of the

will of plaintiff's deceased husband wherein said land
had been devised; and, second, it is contended, that
plaintiff has no interest in the land sought to be par-
titioned. This last contention by appellant is made
upon the assumption that plaintiff should be denied the
right to renounce the provisions of her deceased hus-
band's will, wherein said land in controversy was de-
vised to others than plaintiff, and claim under the law
the undivided one-half interest therein, as was done in
this suit, for the reason, as alleged, that plaintiff signed
her acceptance of the will's provisions in lieu of all
dower or other interests in the estate of her husband
at the time said will was executed, and that after his
death, with full knowledge of the provisions of the will,
she had accepted $1,000 from the executors, as part of
the $7,000 legacy left to her under said will in lieu of
dower.

Do these facts in any way operate to abridge the
right of renunciation and election in plaintiff? Certain
it is, that under the facts of this case, it should not be
said as contended by appellants, that plaintiff is es-
topped from asserting her statutory right of renuncia-
tion and election on the ground that her conduct at the
time of the execution of the will induced the testator in
the making of the will in question to devise to her prop-
erty that otherwise by operation of law would have gone
to them, had the will not been made. On the contrary,
plaintiff not only did not get by the will anything that
would have gone to defendant had no will been made,
but by it she got less in value than one-fourth of the
personal estate of her deceased husband, and that leg-
acy was coupled with the condition that it be accepted
in lieu of all dower or other interest in the estate of
said husband.

The acceptance on the will by plaintiff at the time
of its execution, in the following language:

"Nannie S. Spratt, hereby accept this above be-
quest in lieu of all dower or other interest in the estate

of my husband, A. D. Spratt. In witness whereof I
have hereunto set my hand and seal this February 3,
1894.

"NANNIE S. SPRATT (seal),"

not only resulted in no harm or injury to defendants or
any of them, to warrant the invocation of the doctrine
of estoppel against her renunciation of the will's pro-
vision, but the act was wholly without consideration
and had no force as a contract, however it might be
considered.

In Bretz v. Matney, Extr., 60 Mo. 444, under cir-
cumstances quite similar to the facts of this case, the
right of the widow to renounce the will of her deceased
husband at any time within twelve months after its
proof, in accordance with the terms of sections 15 and
16, page 541, Wagner's Statutes 1872 (the same as secs.
2948 and 2949, R. S. 1899), came up for determination,
and this court at that time said: "She [the widow] is
entitled to the twelve months allowed her by statute, al-
though she may have formally accepted the will every
day in the year previous to the last. Such acceptance
is purely voluntary, and made within the period during
which our statute holds her irresponsible for her acts."
This declaration of the court was made for the simple
reason, as obvious now, as it was apparent then, that
the statute had so ordained, and it must yet be enforced,
except under circumstances where the acceptance by
the widow has operated to induce others to have acted
in such a way that its after-renunciation would result
in their injury, a condition wholly absent from the facts
of this case.

In the same case it was further said: "The year
is given to her to renounce, for reasons which are obvi-
ous. Her acceptance, however repeated, amounts to
nothing. She has a year within which to make up her
final intention, and there is nothing in our statute to
deprive her of this right."

This ruling of the court has been repeatedly ap-

proved, and has never been overruled or criticised, so far as we are advised, and it will be adhered to in the present case in so far as it is invoked to sustain the contention of respondent herein. The right of a husband to make a will, or bequeath any part of his estate to his wife in lieu of dower, is always qualified by her right to make her election, within twelve months after the probate of the will, to reject its terms, and to claim her rights under the statutes.

All wills must be considered as made with reference to this statutory right of the wife, however much the testator may attempt to thwart its purpose, or however solemn may be the wife's renunciation of its privileges at any time prior to the last moment of the twelve months after the probate of the will, when she may elect to take under the law. In executing the will in question the plaintiff's husband could do nothing to deprive her of her statutory right to exercise her election after his death to renounce its provisions and take her interest under the law, and in executing the written acceptance by the plaintiff herein, found at the bottom of the will, nothing was done by her to forfeit that right, notwithstanding the contention of appellants that since the enactment of section 4335, Revised Statutes 1899, of the Married Woman's Act, the plaintiff has had the right to transact business on her own account and to contract and be contracted with as a *feme sole,* including the right to contract with her husband.

Whatever may be thought of section 4335, supra, as conferring upon the plaintiff the right, as a *feme sole,* to contract with her husband in his lifetime; and if the written acceptance indorsed by the plaintiff to the bottom of the will in question at the time of its execution by her husband, be considered in the light of a contract between the plaintiff and her husband, it would nevertheless be worthless as a bar to prevent her after-repudiation of the will, whose provisions she agreed to accept, because of the utter want of consid-

eration for the act done, if for no other reason. By signing her written acceptance of the provisions of the will at the time of its execution, plaintiff got nothing therefor or thereby which the law would not cast upon her if the acceptance had remained unsigned and unacknowledged. In fact, plaintiff's act of acceptance,. if she could be held by its terms, was but the surrender of her rights to a one-half interest in a personal estate of $30,000, to which she would have been entitled, and the surrender of a one-half interest in her husband's real estate, valued at fifteen or twenty thousand dollars more, for absolutely nothing. By the will plaintiff was to have $7,000 paid to her in seven annual installments of one thousand dollars each, out of a personal estate of the value of $28,000 or $30,000, and from which estate, without a will, she would have been entitled, at once, to double that amount or more.

All that need be said in answer to appellant's first contention that partition of the land in controversy can not be had until after the lapse of five years from the date of the probate of the will under which the land in suit has been devised to defendants, is that plaintiff is not claiming her interest in the land sought to be partitioned, under the will of her deceased husband, and that that interest could not in any way be affected by a contest over the will. She claims her interest in the land as a result of her election to take under the law an undivided one-half interest in all the land of which her husband died seized, and that interest the will of the husband could not alter nor could a contest over its provisions change, modify or disturb her right of election to take the interest in the land to which she was entitled under it.

The only limitation upon the right to partition real estate affected by a will is, that the court can not order a partition contrary to the provisions of a will; that is, it will not disturb the relative claims of the respective parties named in a will to their distributive

share of the land devised; but whether the interest in the land devised was that of an entire estate or only an undivided interest therein, the court must, in partition, determine, that a proper judgment may be entered establishing the right of all interested parties.   Finding no error in the action of the trial court, its judgment is affirmed.

All concur.