ROBERT P. ZOOK, MATTIE ROHRER, MARY VAN
NATTA, LAURA ZOOK and FREDERICK V.
ZOOK, Respondents, v. EDWIN A. WELTY, Ad-
ministrator of the Estate of ELIZABETH ZOOK,
deceased, Appellant.

Kansas City Court of Appeals, May 29, 1911.

1. **EVIDENCE: Opinion: Market Value Generation Ago.** In an
action by the residuary legatees to recover a legacy of $2000,
in which the widow of the decedent, who died testate, was
given a life estate and the residuary legatees, who were
children of the testator by a former marriage, were given the
remainder, the defendant, administrator of the estate of the
deceased widow, was called as a witness by plaintiffs, and tes-
tified in his cross-examination that decedent had paid $10,500
for the home, and that its market value at his death was not
$9000. *Held*, that this was opinion evidence entitled to but
little weight, not because of any misgivings concerning the
credibility and sincerity of the witness, but for the reason
that in the very nature of things, an expert opinion of market
values a generation ago, in all likelihood, would not be ac-
curate.

2. **WILLS: Life Estate in Personalty: Will Construed.** In an
action by the residuary legatees to recover a legacy of $2000
in which the widow of the decedent, who died testate, was
given a life estate, and the residuary legatees, who were child-
ren of the testator by a former marriage, were given the re-
mainder, the controlling question at issue was whether or not
the widow on receiving the legacy held it as her own absolute
property, or as property in which she had but a life estate. It
was *held* that, where the final clause of the paragraph in the
will relating to the widow was "that these devises and bequests
are all made in lieu of dower in my estate, real and personal."
under the terms of the will, the widow acquired only a life
estate, and the full title and right to possession passed at
her death, to plaintiffs, the remaindermen.

3. ———: ———: **Dower in Personalty.** Although the word
"dower" in its strict legal sense does not relate to an interest
or estate in personal property, nevertheless, where in express
and unequivocal language, the testator gave it that meaning
in addition to its legal meaning, there is no reason in law or
in common sense for sacificing the plain intent of the instru-
ment to strict verbal accuracy.

4. WILLS: Election of Widow: Taking Devise Under Will: Child's Share. The widow of decedent accepted all the devises and bequests to her under her husband's will. The value of the estate she thus received was less (by more than the amount in controversy here) than the value of her statutory share equal to a child's share provided for in sec. 2937, R. S. 1899 (section 349, R. S. 1909) which she might have elected to take, even though she had no issue by the testator. Her administrator contended that the acceptance of these devises and bequests did not preclude the widow, nor estop defendant, as administrator, from claiming the interest in her husband's personal estate, which the law would have given her, had there been no will, because she could not be bound by the terms of the will by merely accepting a *part* of what was hers by legal right. *Held*, that, although the fact that the widow received and receipted for the personal property bequeathed her as coming to her under the terms of the will would not have estopped her from afterwards asserting her right to take a child's share in the personal estate, because where the widow receives nothing under the will that the law would not have given her, she is not bound by the will, though she signs a formal acceptance, nevertheless, where, as in this case, there are no features of fraud or abuse of confidence present, the widow's acceptance of the *devise* estopped her from a subsequent renunciation of the will, for here the widow accepted and appropriated property that in no event could have been hers except for the will.

Appeal from Buchanan Circuit Court.—*Hon. L. J. Eastin*, Judge.

AFFIRMED.

*Brown & Dolman* for appellants.

(1) The court erred in holding that an election was necessary for a widow to claim her statutory allowance of a child's share in her deceased husband's property, and erred in holding that by her acts she elected to take the property bequeathed and devised to her under the terms of the will not only in lieu of dower in the real estate but also in lieu of her child's share in the personal property, and also erred in holding that by taking the $2000 she elected to take it subject to the terms of the will, viz: a life estate therein only. Brown v. Doerr,

Admr., 135 Mo. App. 598; Hayden v. Hayden, 23 Mo. 398; Skeen v. Johnson, 55 Mo. 24; Walls' Guard. v. Coppage, 15 Mo. 448; McReynolds v. Gentry, 14 Mo. 495; Egger v. Egger, 225 Mo. 116.　(2)　The term "dower" properly refers to the interest of the widow in the real estate of the deceased only. Bryant v. Bryant, 49 Mo. 546; Brown v. Doerr, Admr., 135 Mo. App. 598. The widow's election to take real estate in lieu of dower in no manner interferes with her right to take her statutory allowance. Haniphan v. Long, 70 Mo. App. 351.

*Culver, Phillip & Spencer* for respondents.

William Zook died in 1876 leaving children by a former marriage. Under the law as it then existed, his widow, Elizabeth Zook, was entitled to dower as follows: In the real estate, one third during her natural life. R. S. Mo. 1879, sec. 2186. And in the personal property; to a share equal to the share of a child of her deceased husband as her absolute property, the share of course, being subject to the payment of the husband's debts. R. S. Mo. 1879, sec. 2186. We concede it makes no difference that the children are by a former marriage, and that the widow is entitled to this dower in the personal property without filing any "election" to take it. Haniphan v. Long, 70 Mo. App. 352.

JOHNSON, J.—This is an action by the residuary legatees of William Zook, deceased, to recover a legacy of $2000, in which the widow of the decedent, who died testate, was given a life estate and the residuary legatees, who were children of the testator by a former marriage, were given the remainder.

William Zook died at his home in St. Joseph in March, 1876, and his widow died in the same city in September, 1908. They were married in 1868 and no children were born to them. Mr. Zook had four chil-

156 App.—45

dren by his first wife. Those living and the desecend-ants of one now dead are the plaintiffs in this action. Mrs. Zook had one child by a former marriage. He is living, is the administrator of her estate and, as such, is the present defendant.

Mr. Zook died seized of a large estate, consisting of real and personal property. He also left two life insur-ance policies for $15,000, payable to his widow. The ap-praised value of his personal estate consisting in the main of notes, mortgages, stocks, bonds, cash in bank and interests in three partnerships, was approximately $125,000, but owing to shrinkages and losses caused largely by the mismanagement of the executor, the net proceeds of the personal estate distributed among the residuary legatees were about $80,000. The real estate consisted of the family residence in St. Joseph, valued by the testator and his widow at $12,500, of a half in-terest in 32 acres of land in Holt county, a half interest in 15.50 acres in Holt county; a third interest in eight acres in St. Joseph, occupied by a packing establishment operated by a partnership in which the testator had a third interest; eighty acres in Holt county and a third interest in five lots in St. Joseph. The interest in much of this real estate which was owned by partnerships of which the testator was a member is included in the inventory and appraisement of the personal estate. The value of the remainder is not very clearly shown and is of no material importance to the discussion of the issuse we are called on to decide. In addition to the property mentioned the testator had in his home silver-ware worth $2000 and household goods, etc., valued at $2500.

In his will made a month before his death, Mr. Zook made the following provisions for his widow: "To my beloved wife, Elizabeth Zook, I bequeath the sum of fifteen thousand dollars, to consist of the following items: One policy of insurance that I have taken on my life in the Connecticut Mutual Life Insurance Com-

pany of Hartford for the sum of ten thousand dollars and one other in the Phoenix Life Insurance Company of Hartford for the sum of five thousand dollars, both paid out of my money, and to be considered part of my estate, and if the said amounts should not be realized by my said wife, then any deficiency shall be made up to her in money by my executor so as to make up said fifteen thousand dollars. I also devise to my wife the dwelling house in which I now reside in the city of Saint Joseph, together with the lots on which it is located, to-wit: Lots 11 and 12, in block 12, in Robidoux Addition to said city of Saint Joseph, Buchanan county, Missouri, with all the buildings and improvements thereon, to have and to hold unto her, her heirs and assigns forever. I also bequeath unto my said wife as her absolute property all my household and kitchen furniture except my silverware. I also bequeath unto my said wife for and during her natural life all my silverware and the remainder to my daughters, or to such of them as may then be living. But these bequests shall not apply to any furniture or property known and recognized as belonging to my daughters or either of them. I also bequeath to my said wife the sum of two thousand dollars in addition to said fifteen thousand dollars, to have and to hold for and during her natural life, with the remainder over to my heirs. These devises and bequests are all made in lieu of dower in my estate, real and personal, subject to the foregoing devises and bequests."

Shortly after the issuance of letters testamentary to the executor he paid the widow the legacy of $2000 in controversy and took from her a receipt in which she stated she received the same as "per devise to me in said will." He also collected and paid to the widow the proceeds of the insurance policies. In an instrument of writing executed and delivered by her to the executor some time prior to May 17, 1876, she accepted the home property and household goods in the following terms:

"The following real estate and personal property by the terms of the will was devised to Elizabeth Zook, his wife, and for which the receipt accompanies this inventory: Lots 11 and 12, in Block 12, in Robidoux Addition to the City of St. Joseph, County of Buchanan, and State of Misouri, valued at $12,500; all the household and kitchen furniture, as per terms of will, valued at $2500. Received of J. W. Zook, executor of the last will and testament of William Zook the foregoing specified property devised to me."

Defendant concedes that her acceptance of the home was sufficient to invest her with the fee simple title thereto; that for thirty-two years she treated and used it as her absolute property and, as her sole heir, he now claims to be the owner in fee of that property. Since plaintiffs take the same position we shall not inquire further into the subject of the sufficiency in law of the widow's acceptance of the devise of the home but shall treat it as her absolute property coming to her under the terms of the devise. Mrs. Zook was an intelligent woman and there is no suggestion in the evidence that she was dissatisfied with the provision made for her in the will or that she ever contemplated asserting any right to her husband's estate not mentioned in that instrument. In apparent acquiescence she suffered the residuum of $80,000 to be distributed by the executor and made no claim of any interest in it.

Defendant, called as a witness by plaintiffs, testified in his cross-examination that Mr. Zook had paid $10,500 for the home and that its market value at his death was not over $9000. Further he stated that the household goods, etc., were not worth to exceed $1000. This was opinion evidence to which we give but little weight, not because of any misgivings concerning the credibility and sincerity of the witness, but for the reason that in the very nature of things an expert opinion of market values a generation ago, in all likelihood, would not be accurate. Of historical or memorial

events and facts, as of mountain peaks, the remote view is different from the near. We perceive no reason for discrediting the judgment of the testator and his widow in their valuation of the property and are disposed to accept it as an expression of the true fact. However, it is not important which values are accepted since we find, as did the trial court, that in either view "the amount and value of the child's share in the personal estate of said Zook to which Mrs. Zook would have been entitled under the statute, was greater than the amount and value of the real and personal property received by her under said will, including the $2000 sued for herein."

That is to say a child's share would have been more than the value of the property received by the widow, exclusive of the life insurance of $15,000.

*Inter alia* the trial court further found "that by said acts the said Elizabeth Zook, in her lifetime, elected to take the property bequeathed and devised to her under the terms of the last will and testament of her husband, the said William Zook, and that she was and is entitled to no further portion or share of his estate, and that she had a life estate in said legacy of $2000, and that the plaintiffs herein took the remainder, and that said amount is now owing plaintiff and is a just demand against the estate of said Elizabeth Zook, deceased."

Accordingly the court rendered judgment for plaintiffs for the legacy of $2000 and defendant appealed.

The controlling question at issue is whether or not the widow on receiving the legacy held it as her own absolute property or as property in which she had but a life estate. If her interest is to be measured by the terms of the will we think she acquired only a life estate which terminated at her death in 1908 and the full title to the legacy and the right of possession then passed to plaintiffs, the remaindermen nominated in the will. The final clause of the paragraph relating to the widow that "these devises and bequests are all made in lieu of dower

in my estate, real and personal," are susceptible of no other reasonable interpretation than that the testator intended his widow should have no other interest in or claim to his estate either real or personal than the will provided she should have. The principle, indeed the overshadowing canon in the construction of a will, is the intention of the testator and his intention is to be ascertained by giving effect, as far as may be done, to all the language of the instrument. Of course, it is to be presumed where a word possessing a technical legal meaning is used that the testator intended it to be understood in its technical sense, but such presumption is not ironclad and must give way where the context gives a broader and more comprehensive meaning. As defendant argues, the word "dower" in its strict legal sense does not relate to an interest or estate in personal property, but in express and unequivocal language the testator gave it that meaning in addition to its legal meaning, and there is no reason in law or in common sense for sacrificing the plain intent of the instrument to strict verbal accuracy. Clearly the testator intended that his widow should receive no other property from his estate than the fee simple title to the home worth $12,500, the life insurance of $15,000, or its equivalent to be paid out of the estate, the household goods worth $2500, a life estate in silverware worth $2000, and a life estate in the bequest of $2000 in money.

But it is argued by defendant that the acceptance of these devises and bequests did not preclude the widow nor estop defendant, her heir, from claiming the interest in her husband's personal estate the law would have given her had there been no will, for the reason that the value of the estate she received was less (by more than the amount in controversy here) than the value of her statutory share of the personal estate and that she could not be bound to the terms of the will by merely accepting a part of what was hers by legal right.

It is conceded by the parties that the widow, though she had no issue by the testator, would have been entitled, had she so elected, to a child's share of the personal estate under the provisions of section 2937, Revised Statutes 1899. Counsel entertain a proper view of the statute. It does not say that the child or children mentioned should be the child or children of the widow and we would have no right to read such meaning into its provisions. [Haniphan v. Long, 70 Mo. App. 351.]

And further it is conceded that the insurance policies being, by their terms, payable to the widow, were her own property and that they were improperly included in the estate of her husband. That also is true (sec. 6941 and 6944, Rev. Stat. 1909), and notwithstanding she receipted to the executor for their proceeds they cannot be regarded as property coming to her under the will or as a part of her statutory share of the personal estate. Consequently we must eliminate the insurance money from further consideration and hold that the widow was bequeathed by the testator and rceived no other personal property than the household goods worth $2500, and a life estate in other personal property of the total value of $4000. Had she elected to take a child's part under the statute she would have had an interest in the personal estate of the approximate value of $17,000. And further, had she renounced the will she would have had her dower consisting of a life estate in one-third of her husband's real estate including the home property. Thus it is evident that if she accepted the will she could do so only at a considerable pecuniary sacrifice.

The fact that the widow received and receipted for the personal property bequeathed her as coming to her under the terms of the will would not have estopped her from afterward asserting her right to take a child' share in the personal estate. There would have been nothing in such fact on which to base an estoppel, since she could not be held to have prejudiced the rights of any one by

receiving a part only of what the law entitled her to receive from the personal estate. [Egger v. Egger, 225 Mo. 116; Spratt v. Lawson, 176 Mo. 175.]

In the case first cited the Supreme Court say:

"That section (2937) does not say, as others do, that she must formally renounce the will before she can claim the share of the personalty there given her, but it says it is hers absolutely. But even if formal election and renunciation were necessary. Spratt v. Lawson, 176 Mo. 175, is authority for saying that the plaintiff here made her election and renunciation in due time. In that case the husband made a will bequeathing to his wife $7000 in lieu of dower, and she signified her acceptance of its provisions, in lieu of dower and all other claims, by her writing on the back of the will duly signed by her, and after the death of her husband she received from the executor $1000 as part of her $7000 legacy; afterwards within a year she filed her renunciation of the will in due form and demanded her dower. This court held that since $7000 was less than her share of the personal estate alone the writing if viewed as a contract was without consideration and if viewed as an acceptance, the court said if she had made formal acceptance every day in the year previous to the last she had the right on the last day to file her renouncement and take her dower.

"Where the law gives a widow absolutely a certain share in her husband's estate at his death, he cannot deprive her of it by his will, and if in such case the law does not say that she must make within a certain time a formal renouncement of the will she need not do so but may simply ignore it and claim what the law gives her. There are certain sections of the statute relating to the widow's share in her deceased husband's estate, as pointed out in the brief of appellants, that put on her the duty of election, but section 2937, under which this widow is now claiming a share equal to a child's share, is not one of them; the law gives her that share abso-

lutely and unless she has bargained it away or is estopped to assert it she is entitled to it now."

And in Spratt v. Lawson, it is said:

"By signing her written acceptance of the provisions of the will at the time of its execution, plaintiff got nothing therefor or thereby which the law would not cast upon her if the acceptance had remained unsigned and unacknowledged."

And the court held that where the widow receives nothing under the will the law would not have given her she is not bound by the will though she signs a formal acceptance.

But these cases and their rules fall short of covering all the ground defendant must hold in order to defeat his adversaries. Or, perhaps, it would be more accurate to say that these rules applied to the facts of the present case sustain the contention of plaintiffs. In the first place this case presents none of the features of fraud and abuse of confidence so patent in the cases to which we have referred. Considering all the circumstances of the testator and his family there is no occasion for charging him, thirty-five years after his death, with having attempted to overreach his widow for the benefit of his own children. His last marriage had covered a period of only eight years; doubtless, he had accumulated the bulk of his fortune before that marriage; he had four children to provide for and his wife but one. He seems to have carefully and conscientiously thought out his duty to all the members of his family and to have excluded none from his affectionate care. He gave his widow what then was a mansion in the heart of the fashionable residence district, together with all its furnishings and household equipment. To live on, she had $15,000, the proceeds of insurance on his life and, fearing she might be delayed in collecting the insurance, he gave her the use of $2000 that she might not suffer for ready money. That she thought he had acted wisely with his estate is manifested by her quick acceptance of

the terms of the will, including the devise of the home and by her conduct in respecting his dispositions during the long period of her survivorship. We think her acceptance of the devise would have estopped her from a subsequent renunciation of the will under the rules applied in the Egger and Spratt cases. She accepted and appropriated property that in no event could have been hers except for the will. A renunciation of the will would have left her owning nothing but a dower estate in the home. The will gave her the entire estate and in taking that estate she deprived the other heirs of property that would have been theirs but for the will. She could not blow hot and cold—take under the will and yet renounce it. It was not divisible. She had to accept all or reject all and in accepting she elected to make the sacrifice it required her to make. This is not a case where an ignorant or senile woman has been deluded and imposed upon but is a case where an intelligent woman with her eyes open approved and abided by the will of her husband which, considering the circumstances, made suitable and reasonable provisions for her. For thirty-two years she enjoyed the testamentary fruits without complaint. After her death her son took and held them but now complains that they are not enough. His claim is as stale as it is unjust. He has no right to the legacy and the learned trial judge committed no error in his judgment awarding it to the residuary legatees.

The judgment is affirmed. All concur.