IN THE

# SUPREME COURT

OF

# OREGON.

Argued April 19, modified June 27, rehearing denied September 19, 1922.

## BRISTOW ET AL. v. JENNINGS.

(207 Pac. 863.)

**Wills—Acts of Widow Held not Sufficient to Establish Election Against Will.**

1. The refusal of the widow to qualify as executrix under the will on the ground that it might compromise her right to take her statutory third in the husband's property, and her statements to another executor and others that she intended to take her statutory interest, and not the devise under the will, are not sufficient to establish an election by the widow under Laws of 1917, page 687, Sections 1, 3, amending Sections 7286, 7316, L. O. L.

**Wills—Devise Inconsistent With Dower Requires Election by Widow.**

2. Laws of 1917, page 687, Sections 1, 3, which enlarged the rights of widows by permitting them to elect to take in lieu of dower the fee in one third of the property of which the husband was seised during marriage, and protected such right against a devise by the husband, does not manifest an intention to permit the widow to take one third of the husband's real estate in fee in addition to the devise made to her by the will, so that she will be required to elect between the provision made for her by the will and her statutory right, where the will expressly declares, or it appears by clear implication, that its provisions were intended to be in lieu of the statutory right.

**Wills—Statute Requiring Election Between Will and Dower Changes Equitable Rule as to Presumption That Provision is in Addition to Dower.**

3. Sections 10070, 10071, Or. L., requiring the widow in all cases to elect between the provisions of her husband's will, and her dower, unless it plainly appears from the will she was entitled to both, and making the failure to apply for dower within a year after the husband's death equivalent to an election to take under the will, changed the rule in equity prevailing in the absence of statute that

105 Or.—1          (1)

every devise or bequest to the wife is presumed to be in addition to her dower right, and she is required to elect only where the testator expressly declares the gift to be in lieu of dower.

**Wills—Devise to Widow Electing to Take Under Statute is Applied to Compensate Beneficiaries Disappointed by the Election.**

4. The devise made to a widow who elected to take under the statute instead of under the will is applied to compensate the beneficiaries under the will who may be disappointed as a result of her election.

**Wills—Widow has Reasonable Time Within Which to Elect Between Devise and Statutory Third.**

5. Since Laws of 1917, page 687, Sections 1, 3, giving a widow the right to take a fee in one third of her husband's estate in lieu of dower, and providing that, in the absence of a contrary intent or election, she is presumed to have elected to take the statutory third, but creating no presumption as to election between her rights under the will and her statutory third, as is made for election between her dower right and her rights under the will by Sections 10070, 10071, Or. L., the widow has a reasonable time after the death of her husband within which to make her election to take under the statute.

**Wills—Widow's Answer to Suit by Beneficiaries Held Sufficient Election to Take Statutory Third.**

6. Where the beneficiaries under a will which gave a widow a life interest in the property in which she was living, and which she continued to occupy without objection by the heirs, as she was permitted to do by Sections 10064, 10075, Or. L., brought suit to quiet the title of the beneficiaries to other property devised to them under the will, the answer of the widow in such suit claiming her statutory interest in one third of all her husband's estate was a sufficient election on her part to take under the statute, and not under the will.

From Lane: G. F. SKIPWORTH, Judge.

Department 2.

MODIFIED. REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. L. Bilyeu* and *Mr. A. C. Woodcock.*

For respondents there was a brief over the name of *Messrs. Smith & Bryson,* with an oral argument by *Mr. E. R. Bryson.*

McCOURT, J.—Plaintiffs commenced this suit to quiet the title to several parcels of land in Lane

County. Defendant has appealed from a decree of the Circuit Court quieting the title and rights of the plaintiffs to the lands in suit as against all claims and demands of defendant.

Augustus C. Jennings died December 23, 1917, leaving a widow, the defendant herein, and also ten children by a previous marriage. By his last will and testament he devised and bequeathed to the defendant for use during her natural life the real property upon which decedent and the defendant resided, consisting of one lot and a fractional lot in the City of Eugene, also all household furniture in the premises mentioned, including family supplies and feed for cow and chickens on hand at the time of the testator's death. It was also provided in the will that in the event of defendant's remarriage within two years after the testator's death, defendant should have the free use of the premises devised to her for two years thereafter, or in the event of her death, the property should at once revert to the ten children of the testator, or the issue of their bodies, share and share alike. An undivided one tenth of all the remainder of the testator's property, after payment of debts, expenses of administration and special bequests, was devised to each of the ten children of the testator. The property left by decedent, other than that devised to defendant, consisted of two lots and a fractional lot in the City of Eugene and 260 acres of land in Lane County and personal property of the approximate value of $750.

Plaintiffs Bristow and Snodgrass are the executors, and plaintiff Sarah Mildred Flint the executrix, of the last will of decedent; the other plaintiffs, and also the said Sarah Mildred Flint, are the children of the testator and devisees under his will.

This suit involves the real property devised by the will other than that in which defendant was given a conditional life estate. Defendant contends that she is the owner in fee simple of an undivided one third of all the real property described in plaintiff's complaint, and that title thereto vested in her by virtue of the provisions of Chapter 331, Laws of 1917, which so far as applicable to this case, reads as follows:

Section 1. "The widow of every deceased person shall be entitled to dower, or the use, during her natural life, of one-half part of all the land whereof her husband was seized of an estate of inheritance at any time during the marriage, unless she is lawfully barred thereof; (*provided, however,* that any woman entitled to dower, may, at her election, take in lieu of such dower the undivided third part in her individual right in fee of the whole of the land whereof the husband was seized of an estate of inheritance at any time during the marriage, unless she is lawfully barred thereof. *And provided further,* that when a widow shall be entitled to an election under this section, she shall be deemed to have elected to take the undivided third of such lands unless within one year after the death of her husband she shall commence proceedings for the assignment or recovery of her dower)."

Section 3. "Every person of twenty-one years of age and upward, of sound mind, may, by last will, devise all his estate, real and personal, saving to the widow her dower *or her election thereunder.*"

Section 1 of Chapter 331, Laws of 1917, above set out, amended Section 7286, L. O. L., by adding thereto that portion in parentheses, and Section 3 amended Section 7316, L. O. L., by adding thereto the portion italicized. The above-mentioned amendatory provisions have been repealed and the statutes

restored to their previous form by Chapter 351, Laws of 1919, Sections 10053, 10092, Or. L.

Defendant was nominated by the will as executrix thereof to serve jointly with plaintiff Darwin Bristow and plaintiff Sarah Mildred Flint, and on February 14, 1918, defendant, in writing, refused and declined to accept the appointment or to qualify and serve as such executrix. The will was admitted to probate February 21, 1918, and the plaintiff P. E. Snodgrass, under authority given in the will, was appointed as executor, to serve instead of defendant.

At or about the time defendant executed in writing her refusal to qualify or serve as executrix, she informed plaintiffs Bristow and Flint and E. R. Bryson, attorney for the estate, that she would not accept the provisions made for her in the will, and that she declined to act as executrix for the reason that it might affect her right to take what the law allowed her, in preference to the will. After the will was admitted to probate, defendant had several conversations with the plaintiff Bristow, in which defendant informed Bristow that she never would accept of the will; in response to which Bristow said in effect that he would not accept the provisions of the will if he were in defendant's place. Defendant also discussed the matter with the plaintiffs Flint and Harbaugh on several occasions, in each of which defendant stated that she could not accept the provisions of the will, and to the plaintiff Harbaugh, defendant stated that she did not want to take under the will; that she wanted her one-third interest.

Defendant used the household goods and provisions bequeathed to her and continued to occupy the real property devised to her by the will of her husband, to which plaintiffs made no objection.

In support of the decree of the Circuit Court, plaintiffs insist that defendant was compelled to elect between the provisions made for her by the will and the rights given her by statute, and that having failed to commence proceedings for the recovery of her dower, she is conclusively presumed to have taken under the will, and that by such action she relinquished or waived her right to dower, and with it, the right given her by statute to take in lieu of dower the undivided one-third part of the lands of her husband. In support of their position, plaintiffs cite Sections 10070 and 10071, Or. L.

Sec. 10070. "If any lands be devised to a woman, or other provision be made for her in the will of her husband, she shall make her election whether she will take the lands so devised or the provisions so made, or whether she will be endowed by the lands of her husband; but she shall not be entitled to both unless it plainly appears by the will to have been so intended by the testator."

Sec. 10071. "When a widow shall be entitled to an election under (Sec. 10070) * * , she shall be deemed to have elected to take such * * devise, or other provision unless within one year after the death of her husband she shall commence proceedings for the assignment or recovery of her dower."

1. The acts and conduct of the defendant above mentioned are insufficient to constitute an election between the provisions of the will and defendant's dower rights. The statute permitted defendant to occupy the dwelling and to have sustenance out of the estate, in the absence of objection by the heirs, whether her husband died testate or intestate: Or. L., §§ 10064, 10075.

Defendant's refusal to act as executrix was not conclusive on the question of election. The statute allowed her a year to determine whether or not she

would reject the provisions of the will and be endowed by the lands of her husband, and in the absence of proceedings within that time commenced by defendant to recover her dower, nothing short of conduct constituting an estoppel would amount to an election, within that period: *Bretz* v. *Matney,* 60 Mo. 444; *Spratt* v. *Lawson,* 176 Mo. 175, 180 (75 S. W. 642); *Owens* v. *Andrews,* 17 N. M. 597 (131 Pac. 1004, 49 L. R. A. (N. S.) 1072, and note); Alexander on Wills, §§ 826, 828.

However, upon the expiration of one year after the death of her husband, defendant is presumed to have elected to take the provisions of the will and to have relinquished or waived her right to dower: Or. L., § 10071.

Chapter 331, Laws of 1917, created a right which the widow might take at her election as a substitute for dower, and in Section 3 placed upon the power of the husband to dispose of that right by will, without the consent of the wife, the same restrictions that apply to dower. The language of the statute is "saving to the widow her dower or her election thereunder."

The statutes (Or. L., §§ 10070, 10071) provide for an election by the widow between the provisions of the will of her husband and dower, and Section 1 of Chapter 331, Laws of 1917, provides for an election by the widow between her primary right to the dower and her alternative right to an undivided third part in fee in the lands in lieu of dower, but no statutory provision is made for an election between the latter right and testamentary provisions in favor of the wife.

2. Nevertheless it is obvious that in any case where the will of the husband devises real property to

another in which his wife, pursuant to the statute, is entitled to claim an undivided third part in fee, and in the same instrument devises property of his own to his wife, which expressly or by clear implica-tion is intended to be in lieu of such statutory rights, there are presented at the death of the testator all of the conditions which generally, if not universally, impose upon a widow the obligation to elect between the provisions given to her by the will of her husband and the rights given her by law: Pomeroy's Eq. Juris. (4 ed.), §§ 395, 462, 487, 492–494.

3. It does not plainly appear by the will that the testator intended that the defendant should have the devise and provision made for her in the will and also that she should be endowed by the lands of her husband. In that situation the defendant was obliged by the plain directions of the statute to make her election whether she would take the provisions of the will or whether she would be so endowed. She could not take both: Or. L., § 10070.

The rule established by the statute last cited is contrary to the rule in equity, which prevails in the absence of statute, that every devise or bequest made to the wife is presumed to be intended to be in addi-tion to her dower right, and she is required to elect only in those cases where the testator expressly de-clares the testamentary gift to be in lieu of dower, or such appears to be his intention from clear, un-equivocal language making testamentary provision inconsistent with the claim of dower: Pomeroy's Eq. Juris. (4 ed.), §§ 492–494.

4. In either case, if the widow elects to take under the will, she relinquishes and waives her dower right, and, on the other hand, if she elects to take the right given her by the statute, thereby renouncing the will,

she retains the benefits arising out of those rights, and the property donated to her under the will is applied to compensate the beneficiaries under the will who may be disappointed as a result of her election: Pomeroy's Eq. Juris. (4 ed.), §§ 468, 469, 517.

Defendant did not take any steps to recover dower, and as between her right to take the provisions of the will and her right to dower, defendant is deemed to have elected to take under the will; the statute declares that to be her choice of those rights, "unless within one year after the death of her husband she shall commence proceedings for the assignment or recovery of her dower." Or. L., § 10071.

Likewise, as between her primary right to dower and her alternative right to take in lieu thereof an undivided one third in fee of the lands of her husband, defendant is deemed to have elected to take the fee. Section 1, Chapter 331, Laws of 1917, adopts the language last above quoted, and provides that a widow "shall be deemed to have elected to have taken the undivided third of such lands unless within one year after the death of her husband she shall commence proceedings for the assignment or recovery of her dower."

By force of those statutes, dower is simultaneously relinquished or waived in both cases. In the one case the provisions of the will are accepted in preference to dower, while in the other, dower is rejected, and in lieu thereof the right to an undivided third part in fee of the lands of the husband is taken. But in all this, no choice or election was made by defendant between the provisions of the will and her statutory right to an undivided third part in fee of the lands of her husband.

It is reasonable to suppose that the legislature intended by Chapter 331, Laws of 1917, to enlarge the rights of widows, but the extent to which those rights were enlarged must be gathered not only from the enactment itself, but by a consideration of related statutes and the general rules of law which apply to such cases. Cases may arise where a widow put to her election, may have elected to take the provisions of the will in preference to dower, but who having a choice between the provisions of the will and the one-third part in fee of the lands of her husband, will elect in favor of the latter right. In the absence, as here, of a clear and unmistakable intention of the legislature to so provide, it will not be presumed that the legislature intended that a widow should take both the provisions of the will and her statutory right to an undivided third part in fee of the lands, where the will of the husband expressly declares, or it appears by clear implication that the provisions of the will were intended to be in lieu of such statutory right. In cases such as those last mentioned, the widow must elect between the provisions of the will and her statutory right to take an undivided third part in fee of the lands, and without a statute controlling the obligation, time and manner of election in such cases, the general rules of equity in respect to the doctrine of election apply.

5. Under those rules the election must be made within such time as is reasonable under all the circumstances of the particular case: 40 Cyc. 1975.

Statutory provisions are found in many states which give to a widow the right to take an interest in fee in the lands of her husband, either in addition to, or as a substitute for, her right to dower. In

cases arising upon wills purporting to dispose of the statutory rights or estate created by the statutes mentioned, the great majority of the courts in such states, in the absence of controlling statutes, proceed upon the analogy between those rights or estates and the common-law right of dower, and determine the necessity for an election in any such cases by application of the general doctrine established in England and many of the states concerning election between claims of dower and the provisions of the will of a husband: Pomeroy's Eq. Juris. (4 ed.), §§ 493, 504.

6. In the instant case it is unnecessary to determine whether the will imposed upon defendant the obligation to elect between the testamentary provisions in her favor and the right to an undivided part in fee of the lands of the testator. The lands in which defendant was devised a life estate are not involved in this suit. If no election was required, defendant takes both the benefits given her by the will and those flowing from her statutory rights, and if defendant was required to make such an election, her answer in this case and her assertion and prosecution of a claim to an undivided one-third part in fee of the lands in suit constitutes an election to take her statutory rights, which election under the circumstances of this case was made within a reasonable time. In either case defendant is entitled to, and is the owner of, an undivided third part in her individual right in fee of the lands described in plaintiffs' complaint.

The decree of the Circuit Court is modified to provide that the plaintiffs are the owners of an undivided two-thirds part in fee of the real property described in the complaint, instead of the whole thereof,

and that the defendant is the owner of an undivided third part in her individual right in fee of the lands mentioned.          MODIFIED.   REHEARING DENIED.

BURNETT, C. J., and BEAN and BROWN, JJ., concur.