# CASES DETERMINED

IN THE

# ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS.

## OCTOBER TERM, 1890.

WILLIAM. T. MORRIS, Appellant, v. THOMAS M. LANE, Administrator of the Estate of DANIEL MORRIS, Respondent.

### St. Louis Court of Appeals, February 10, 1891.

1. **Probate Court:** CHANGE OF VENUE. A change of venue does not lie from a probate court. A proceeding can be certified from that court to the county or circuit court under, and for causes stated in, Revised Statutes, 1889, section 3403, but, when so certified, should state the cause.

2. **Practice, Trial:** PROCEEDINGS ON ILLEGAL CHANGE OF VENUE. When an action is illegally transferred from a probate to a county court by proceedings for a change of venue, and an appeal is there taken from the county to the circuit court, the latter court should not dismiss the cause, but should remand it to the county court with directions to that court to send the cause back to the probate court.

*Appeal from the Butler Circuit Court.*—HON. JOHN G. WEAR, Judge.

REVERSED AND REMANDED ( *with directions*).

Morris v. Lane.

*C. D. Yancey*, for appellant.

*S. M. Chapman* and *J. Perry Johnson*, for respondent.

ROMBAUER, P. J.—The plaintiff exhibited an account for allowance against the estate of Daniel Morris in the probate court of Butler county. After the presentation of the account he filed an application for a change of venue on the ground, that the judge of the probate court was biased against him and that the judge's mind was under the undue influence of the opposite party. The probate judge granted a change of venue to the county court, where the case was tried, resulting in a judgment for the defendant. From this judgment the plaintiff appealed to the circuit court, where the defendant moved to dismiss the appeal on the ground that the county court had no jurisdiction of the proceedings, and the circuit court could acquire none by appeal. The circuit court sustained this motion, and, instead of dismissing the appeal, dismissed the cause, and rendered judgment against the plaintiff and his sureties in the appeal bond. From this judgment the plaintiff appeals to this court.

It is claimed by the appellant that, under section 2258 of the Revised Statutes of 1889, the probate court was justified in granting a change of venue for the causes stated in the application, and that, even if that position was not tenable, yet the probate court was authorized to send the case to the county court for trial under the provisions of section 3403, and there is nothing in the record to show that the probate court did not change the venue to the county court for some of the causes stated in the latter section.

This entire argument is based on a misconception of the statute. While a probate court is a court of record, both by the constitution (art. 6, sec. 34) and by statute (R. S. 1889, sec. 3225), the provisions of section 2258

Morris v. Lane.

have no application to it. The courts of record mentioned in that section are courts having general original jurisdiction of the subject of the suit. There is no such thing known to our law as a change of venue from a probate court. A suit or claim pending there can only be certified under the provisions of section 3403 to the county or circuit court for trial in the first instance, when the probate judge has been counsel in the case, or is a material witness, or is related to either party, or has been executor or administrator, guardian or curator of the estate in the administration of which the question arises. When certified for either of such causes, the certificate should state the cause, as that is the only process investing the court, to which the cause has been transferred, with jurisdiction in the premises.

It results from the foregoing that the county court never had any jurisdiction in the premises to determine the merits of this controversy, and the circuit court could acquire none for that purpose by the appeal, and that the judgment rendered by the county court was a mere nullity. That, however, does not justify the judgment which the circuit court rendered in the premises. The circuit court has appellate jurisdiction from county courts, and it was its duty, in case the county court rendered a judgment in excess of its jurisdiction, to set that judgment aside, and to remand the cause for further proceedings according to law.

The judgment of the circuit court is, therefore, reversed, and the cause is remanded to that court with directions to reverse the judgment of the county court and to remand the cause to that court with directions to transmit all papers in the case to the probate court of Butler county. The probate court is the only one which, as far as the record shows, ever had any jurisdiction to pass upon the merits of plaintiff's claim. If the plaintiff should hereafter be aggrieved by the judgment of the probate court, his remedy is by appeal to the circuit court. All the judges concur.