## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS.

AT THE

### OCTOBER TERM, 1891.

---

| 46 371|
| 87 500|

HESTER MARY BRADLEY, Petitioner, v. J. G. WOERNER,
Judge of the Probate Court of the City of
St. Louis, Respondent.

### St. Louis Court of Appeals, October 20, 1891.

1. **Probate Courts:** TRIAL BY JURY. The provision of the code of
civil procedure for the trial of certain issues of fact by jury
(R. S. 1889, sec. 2131) has no application to proceedings in the
probate court, and in that court there can be no trial by jury in
the absence of statutory provision therefor.

2. ————: ————: CONTESTED CLAIM FOR WIDOW'S ALLOWANCE.
*Held*, accordingly, that, where a claim was made for a widow's
allowance in the course of the administration of an estate, and
the administrator denied that the claimant was the widow of the
decedent, the issue was not triable by jury.

*Original Proceeding of Mandamus.*

WRIT DENIED.

(371)

*V. W. Knapp* and *C. M. Napton*, for petitioner.

*Douglas & Scudder*, for respondent.

BIGGS, J.—The legal question presented for our consideration is raised by the demurrer to the respondent's answer. The petitioner claims to be the widow of Patrick B. Bradley, deceased, and, as such widow, she filed in the probate court of the city of St. Louis, where the administration of the decedent's estate is pending, an application for a widow's allowance. The public administrator, who had the estate in charge, denied that the petitioner was the widow of the deceased. The petitioner demanded that a jury be summoned to try that issue of fact, which the respondent refused to do. Hence, this proceeding by *mandamus* to compel the respondent, as judge of the probate court of the city of St. Louis, to summon a jury for the purpose stated.

The respondent's reasons for his action are, that courts of probate in Missouri have no powers not expressly conferred upon them by statutory enactment, or by necessary implication ; and that, as the legislature had not authorized the judges of such courts to take the verdict of a jury in proceedings touching the allowances to widows, there was no warrant or authority which would justify a compliance with the demand of the petitioner.

The limitation on the powers and jurisdiction of probate courts, as claimed by the respondent, must be conceded, and, unless section 2131 of the statutes ( R. S. 1889 ) is applicable to proceedings in the probate courts, the peremptory writ must be denied. The section reads: "An issue of fact in an action for the recovery of money only, or of specific real or personal property, must be tried by a jury, unless a jury trial be waived or a reference ordered as hereinafter provided." We are of the opinion that this section is not

applicatory to probate courts, or other courts of record possessing no common-law jurisdiction. It is embodied in the code of civil procedure, which has always been understood to refer to and govern the practice and proceedings of courts of record possessing common-law jurisdiction. A reference to the probate law itself furnishes the best argument in support of the proposition. R. S. 1889, secs. 74, 75, 76, 77, 200, 201, 202. The first three sections provide for the form of proceedings in the probate court for the discovery of assets alleged to belong to an estate. Section 77 enacts, that the issues made by the interrogatories and answers provided for by the preceding sections must be tried by a jury, if either party demand it. A like requirement is made by sections 201 and 202 in the allowance of all demands against an estate, which are in excess of $20. Now, if section 2131 is applicable to proceedings in the probate courts, sections 77, 201 and 202 are entirely superfluous. Besides, under this construction, section 201, in so far as it limits the right to a trial by a jury, would be repugnant to section 2131, which undertakes to secure to litigants the right of a jury trial in all suits for money, regardless of the amount involved.

The practice act (sec. 2165) provides that the court may award a new trial of any issue of fact upon good cause shown. If the petitioner's position as to section 2131 should be adopted, then it would logically follow that probate courts would have the right to grant new trials. But the supreme court, in the case of *Bartling v. Jamison*, 44 Mo. 141, expressly decided that no such power existed.

Again, the practice act (sec. 2258) provides for a change of venue in civil cases. If this section was intended to cover causes pending in the probate courts, then the enactment of section 3403 in reference to the transfer of causes from the probate courts to the circuit or county courts was unnecessary. In the recent case of *Morris v. Lane*, 44 Mo. App. 1, this court decided

that section 2258 provided solely for changes of venue in cases pending in the circuit courts, or other courts possessing general or common-law jurisdiction. All that was said in that case is applicable to the present proceeding.

The case of *Hoyt v. Davis*, 21 Mo. App. 235, in no way aids the petitioner. What was said in that case of the right of trial by jury had reference solely to the practice in the circuit court. That was an appeal to this court from the circuit court. It was the action of the circuit court on a trial *de novo*, and not that of the probate court, that was under review.

The peremptory writ will be denied, and judgment for the costs in this proceeding will be entered against the petitioner. All the judges concur.