# CARRIE KLOCKE, Appellant, v. LOUISE KLOCKE et al.

### In Banc, January 25, 1919.

**NOTA BENE:** An opinion in this case by WHITE, C., was adopted by Division Two. By order of that Division the case was subsequently transferred to Court in Banc. Pending such transfer the divisional opinion was inadvertently certified to the Reporter for publication and published in 273 Mo. 150. This publication must be considered as expunged from that volume of the Missouri Reports.

1. **WIDOW: Husband Dying Without Children: Right to Half of Land: Election.** Under Sec. 351, R. S. 1909, providing that when the husband shall die without children or other descendants capable of inheriting, his widow shall be entitled "to one-half of the real and personal estate belonging to the husband at the time of his death, absolutely," subject to the payment of his debts, the widow is entitled to one-half his estate, subject to his debts and subject to the terms of a compulsory election in case, in addition to her rights under said Section 351, she is also entitled to be endowed under Section 345. Where she has the two rights, she must elect; where she does not have dower under Section 345, the law elects to give her the one-half absolutely. Where dower as defined by Section 345 is non-existent, she takes the half given her by Section 351 as a substitute.

   *Held,* by BLAIR, J., that, as the widow in this case filed her election to take under Section 351, whether, in the absence of such election, she would have taken, automatically, under said section, is a question not arising on the record, whose decision therefore should be deferred until it is presented.

2. ———: **Interpretation of Statute.** No construction of a statute should be adopted which tends to shear a widow of her right to dower or of any beneficient provision granted in lieu of dower.

3. ———: **Vested Remainder: No Election.** Where the husband owned a vested remainder in land, but died, without descendants capable of inheriting, during the pendency of the life estate and without

ever having been in possession, his widow was not entitled to dower under Section 345, and consequently she was not required by Section 353 to 'elect to take a half interest in his lands given to her by Section 351 as a substitute for dower.

4. ————: Right to Half of Husband's Land: Dependent on Preexisting Dower. A widow's right to one-half of her childless husband's estate, absolutely, subject to debts, under Section 351, is not dependent upon a pre-existing right to dower under Section 345. [Overruling Von Arb v. Thomas, 163 Mo. 33, and Klocke v. Klocke, 273 Mo. 150.]

5. OVERRULING PRECEDENT: Rule of Property. The doctrine of the rule of property should not prevent the abolition of a precedent not sustainable in reason and in contravention of the terms of a statute relied upon to support it, and wh'ch has wrought injustice in every instance of its subsequent application.

6. ————: ————: Interpretation of Another Statute: Prospective Operation. If the decision which the court is asked to overrule construed a statute other than the one under judicial interpretation, the question of the propriety of adhering to the former decision for the preservation of intervening property rights is not present, for no property rights acquired under that construction could be invalidated by a change of construction. In such case, the effect of overruling the former decision is prospective only.

Appeal from St. Louis Circuit Court.—*Hon. John W. McElhinney*, Judge,

REVERSED AND REMANDED.

*Wm. L. Bohnenkamp* for appellant.

(1) The plaintiff in this case as the widow of Henry Klocke, deceased, who died without any child or children or other descendants in being capable of inheriting, takes an undivided one-half of the property "belonging to her husband at the time of his death, absolutely," being the property described in the petition. R. S. Mo. 1909, sec. 351; Ferguson v. Gentry, 206 Mo. 190; In re Ferguson's Estate, 206 Mo. 203; Spurlock v. Bennett, 183 Mo. 531; Waters v. Herboth, 178 Mo. 166; Perry v. Strawbridge, 209 Mo. 621. (2) The opinions in the Von Arb case and of No. 2 in the case at bar carries with it its own refutation. They will not stand

the light of analysis. See Von Arb v. Thomas, 163 Mo. 33, and Klocke v. Klocke, 273 Mo. 150: (3) The opinion of the court in the Von Arb case and again the opinion rendered in the case at bar by Division Two put a construction on Section 353 that renders it unconstitutional in that in the light of such construction it becomes class legislation. State v. Kimmel, 256 Mo. 369; State v. Baskowitz, 250 Mo. 107; White v. Railroad, 250 Mo. 577; State v. Miksicek, 225 Mo. 577; Kansas City v. Grush, 151 Mo. 135; State v. Walsh, 136 Mo. 107; State v. Julow, 129 Mo. 176; State v. Loomis, 115 Mo. 307; State v. Hermann, 75 Mo. 340; State v. Tolle, 71 Mo. 645; State ex rel. v. Miller, 100 Mo. 447; Ewing v. Hoblitzelle, 85 Mo. 64. (4) It is the settled policy of our laws and the rule of our appellate courts, in construing laws that concern the rights and interests of widows, to favor such rights and to give such interpretation as will protect the widow. Davis v. Davis, 5 Mo. 183; Keeney v. McVoy, 206 Mo. 42; Finnell Estate v. Howard, 191 Mo. App. 218; Chrisman v. Linderman, 202 Mo. 614; Wyatt, Admr. v. White, 192 Mo. App. 554; Estate of Messersmith, 264 Mo. 619; Spurlock v. Bennett, 183 Mo. 531; Gilroy. v. Brady, 195 Mo. 209; Adams v. Adams, 183 Mo. 408; Greene v. Huntington, 46 Atl. 883, 72 Conn. 106; Ferguson v. Gentry, 206 Mo. 190; In re Ferguson's Estate, 206 Mo. 203.

*George W. Wolff* and *Clarence L. Wolff* for respondents.

(1) Secs. 345, 351, 353, 354, 355, R. S. 1909, in the Dower Act, and directly involved in this controversy, are cognate sections supplementary to each other, and being *in pari materia* must be considered and construed together, as parts of one whole and complete legislation on · the subject. Weindel v. Weindel, 126 Mo. 651. Such sections of a statute as are *in pari materia* must be treated as one section, and that construction adopted which will give effect to all of them. City of Carthage v. Carthage Light Co., 97 Mo. App. 20; State ex rel. McClanahan v. De Witt, 160 Mo. App. 307. While in

interpreting a statute, the court must ascertain and expound the intention of the Legislature from the words and context of the statute, other sections *in pari materia,* especially when part of the same act, may be looked to for aid in arriving at its true meaning. State ex rel. v. Scale Co., 182 Mo. App. 664. In determining the legislative intent the whole body of the law must be considered, and not selected portions thereof. Gantt v. Brown, 238 Mo. 577. A familiar canon of construction is that every word of the statute, where it can be consistently done, is to be given force and effect, especially if they are in harmony with the Legislature's intention as collected from the entire act. Hegberg v. Railroad, 164 Mo. App. 557. (2) Sections 351, 353 and 354 presuppose the existence of the right of dower in the widow, as a condition precedent to her right to elect to take one-half under Section 351. The right of election rests for its statutory basis upon the right of dower. In other words, no dower—no election. This is clearly manifest, from the words used in Section 354: "When a widow shall be entitled to dower as provided by Sections 351, 352 and 353," etc. Secs. 353-354, R. S. 1909; Dower Act 1825 and 1835; G. S. 1865-6 and all subsequent revisions; Stokes v. O'Fallon, 2 Mo. 29; Griffith v. Walker, 3 Mo. 137; Hamilton v. O'Neil, 9 Mo. 11; Hornsey v. Casey, 21 Mo. 548; Moran v. Stewart, 122 Mo. 297; Moran v. Stewart, 132 Mo. 75; Newton v. Newton, 162 Mo. 186; Von Arb v. Thomas, 163 Mo. 42. The widow's election-dower provided for in the several sections of the Dower Act is, in effect, nothing more that a "substitute" for her common-law dower. Adams v. Adams, 183 Mo. 408; Keeney v. McVoy, 206 Mo. 42; Perry v. Strawbridge, 209 Mo. 630; Newton v. Newton, 162 Mo. 186; Von Arb v. Thomas, 163 Mo. 33. (3) Election by widow under Section 351 is absolutely essential in order to vest title. Matney v. Graham, 50 Mo. 559; Crowl v. Crowl, 195 Mo. 338; Wash v. Wash, 189 Mo. 352; Allen v. Hartnett, 116 Mo. 278. (4) The creation of a new and absolute estate in fee in the widower, by the Widower's Act of

1895 (now Section 350), giving him one-half of his deceased childless wife's estate without election on his part, did not necessarily or impliedly create a new or like estate in the widow of a deceased childless husband, but left her dower and election rights intact, unimpaired and unchanged, as provided by the several dower sections and as they have been on the statutes ever since 1825 and 1835. The very purpose of said Widower's Act of 1895 was to make provision for the husband when he had no curtesy. Perry v. Strawbridge, 209 Mo. 630. It was wholly foreign to the intent of the Legislature in passing said act to make like provision for the wife when she had no dower. If the lawmakers had so intended they would have said so. (a) Repeals of laws by implication and inference are never favored. Nor can the Legislature amend or repeal an existing statute by inference from an act subsequently passed. Hawkins v. Smith, 242 Mo. 720. (b) A later statute does not repeal an earlier one by implication, nor by express provision that it repeals former acts inconsistent with it, if they can both be given effect without clear repugnancy or unreasonableness. Nichols v. Hobbs, 197 S. W. 258.

BOND, C. J.—The plaintiff is the widow of Henry Klocke, who died childless and intestate in October, 1913. At the time of his death said Henry Klocke was seized of a vested remainder in fee (subject to a life estate in his mother, Wilhelmina Klocke) in forty-one acres of land devised to him under the will of his father, George Klocke, who died in 1904, after having made a will specifically devising to his four children all of his real estate, subject to a life tenure in their mother. Wilhelmina Klocke (the mother) died in March, 1914, and two months thereafter plaintiff brought this suit to partition the land belonging to her husband, between herself and his three surviving sisters, alleging that she is entitled to one-half thereof, and each of the defendants is entitled to one-sixth thereof. The defendants answered, admitting the devise of the

land in question to the husband of plaintiff, and his death, intestate and without children, but averred that he never was in possession of the said real estate on account of the intervening life estate of his mother, wherefore plaintiff was not entitled to dower and hence not entitled to elect to take one-half of said real estate in lieu of dower. The answer prayed for affirmative relief by a decree adjudging and determining the title between the parties.

Upon the hearing the court found the issues in favor of the defendants and that plaintiff had no right, title, interest, share or estate, as the surviving widow of Henry Klocke, in the real estate in controversy.

Plaintiff duly appealed to this court.

I. The only question presented by this appeal is whether, upon the conceded facts, plaintiff is entitled under Section 351, Revised Statutes 1909, which pro-

**Election.** vides that "when the husband shall die without any child or other descendants in being, capable of inheriting, his widow shall be entitled: . . . second, to one-half of the real and personal estate belonging to the husband at the time of his death, absolutely, subject to the payment of the husband's debts." A widow's right to dower at common law, many statutory substitutes therefor, and the correlative right of a husband whose wife has died without children or other descendants, are all defined in the present revision. (R. S. 1909, secs. 345 to 357, inclusive.) Those to be carried in mind in construing the one under review are: Section 345, declaratory of common law dower—i. e. a life estate in one-third of the land of which the husband was seized during marriage; Section 350, giving the husband absolutely one-half of the estate of a wife dying without children or descendants; and Section 353, requiring election between Sections 345 and 351.

The close interrelation of these statutes require them to be construed *in pari materia*. As a whole they express the legislative purpose to provide for the rights

and estate accruing to one spouse upon the death of the other in the circumstances posited in the several sections of the statute which together make up a general scheme of legislation. The undisputed facts show that the plaintiff would not have been entitled to dower at common law nor under the construction given to Section 345, Revised Statutes 1909, declaratory of the widow's dowable right to "the third part of all the lands whereof her husband . . . was seized of an estate of inheritance at any time during the marriage, to which she shall not have relinquished her right of dower," etc., the reason being that under the construction given to this statutory provision the widow of an owner of a vested remainder in fee, who died before the expiration of the life estate, would not be entitled to dower because her husband was not in *actual* possession of the land during his life. It is clear, therefore, that if the rights granted to a widow under Section 351 quoted above are only created in those widows who are *also* endowable at common law, the plaintiff in this case cannot recover.

After full and careful consideration of the terms and intent evidenced by the totality of these statutes, we are convinced that no such thought was in the minds of the legislators, or expressed by any of the enactments touching the point under review. The plain and obvious purpose of the statute in question (Sec. 351) as evidenced by its terms, was to vest in the widow of a man who died under the hypotheses of the statute, the absolute right to "one-half" of the estate "belonging to him at the time of his death," subject to the terms of a compulsory election in case, in addition to her rights under Section 351, she should also be entitled to be endowed under Section 345, declaratory of her common law right to dower. Where she has the two rights, she must *elect;* where she does not have common law dower, then the law *elects* to give her, absolutely, the estate, between which and common law dower she would be compelled to elect if she had both. Where the two estates exist she must yield one to take

the other, but where only one exists, she must have that alone. In other words, where dower, as defined at common law, is non-existent, she takes the other provision made by law as a "substitute." This is the exact and felicitous term employed by Scott, J. (Hamilton v. O'Neil, 9 Mo. 13), and adequately expresses the idea that, failing dower, the widow is provided with a statutory "substitute" for that right. It is trite but true that no construction or interpretation of a statute should be adopted which tends to shear a widow of her rights to dower or of any beneficient provision granted in lieu of dower. [Keeney v. McVoy, 206 Mo. 42; Finnell Estate v. Howard, 191 Mo. App. 1. c. 218; Chrisman v. Linderman, 202 Mo. 1. c. 614.] In the present case all the husband left was a landed estate, the title to which was vested in him in fee, subject to the physical possession of the tenant of an intervening life estate. Under this status the property belonging to him, under the rulings of this court, was not the subject-matter of dower. [Ellis v. Kyger, 90 Mo. 600; Crecelius v. Horst, 89 Mo. 356; Garrison v. Young, 135 Mo. 203.] We must assume that the Legislature had a prevision of such happenings and, in order that the wife in such cases should not be cut off entirely, enacted the statute vesting her with an absolute estate in one-half of what belonged to her husband at his death, irrespective of the conditions necessary to strict dower. And, having made this provision a substitute for dower, then to prevent a cumulation of both dower and its substitute, provided by another statute (Sec. 353) that the widow should elect whether she would take under the statute giving common law dower (Sec. 345) or under the statute which vested a statutory substitute (Sec. 351.) This is not only a natural and reasonable view of the purpose of the Legislature, but is the fair and logical import of the section giving the widow a right of election. The text of that section is, viz: "When the husband shall die without a child or other descendant capable of inheriting, the widow shall have her election to take her dower, as provided in Section 345, dis-

charged of debts, or the provisions of Section 351, as therein provided.'' [R. S. 1909, sec. 353.] This language does not abridge the estate of a dowerless widow, for it has no application whatever unless the widow is a dowress and also entitled to one-half of what belonged to her husband at his death. The premise of the statute is that she shall be entitled both to dower (Sec. 345) and the different provision made by the Legislature in Section 351. Upon that premise alone the statute bases its conclusion requiring the widow to choose which she will take. It does not seem this could be plainer if the language of a statute is any index of its meaning. We therefore hold that Section 351 creates an estate other than dower which can only be defeated where the widow, being also entitled to dower under Section 345, fails to exercise her right of choice between the two estates (Sec. 353) and is, therefore, relegated to her rights to dower under Sections 345, 347 and 348.

In close analogy to this conclusion is the construction given to a later statute providing that when a wife shall die in similar circumstances, the husband ''shall be entitled to one-half of the real and personal estate belonging to the wife at the time of her death, absolutely, subject to the payment of the wife's debts. [R. S. 1909, sec. 350.] The two sections (350, 351) are intended to form, when taken together, ''one law establishing the relative rights of the husband and wife in the property of each other under the same conditions.'' [Waters v. Herboth, 178 Mo. l. c. 171.] This later statute has been construed to vest an estate, according to its terms, in the husband, although he might not have had any curtesy in his wife's land. [Perry v. Strawbridge, 209 Mo. 621; Ferguson v. Gentry, 206 Mo. 189.] Unless it was the intention of the Legislature to discriminate in the same circumstances in favor of husbands over wives, the same construction ought to be applied to a similar provision for the benefit of the wife, although she might never have

had any right to common-law dower in her husband's estate.

II. In the case of Von Arb v. Thomas, 163 Mo. 33, it was held that a widow's right to the benefit of Section 351 depended on a pre-existing right to dower under Section 345. That ruling, as has been seen from an analysis of the language and legal intend-

Von Arb
Case.

ment of Section 353, is logically untenable. The error arose from the view that a duty of election between the two estates, made the *existence* of one depend upon the existence of the other. That view is incompatible with the statute which granted the substitute independent of the original estate, only requiring where both existed that the beneficiary should elect. It could not, in these circumstances, be correctly held that the latter estate was *created* by any other method than the statutory grant. A contrary notion in the Von Arb case necessarily infected the conclusion reached therein. It follows that that decision must be overruled.

The doctrine of rule of property should not weigh with us in the abolition of a precedent not sustainable in reason and in contravention of the terms of the statute relied upon to support it, and which has wrought injustice in every instance of its subsequent application. In such cases the argument *ab inconvenienti* is stripped of all force, if the law is a growing science, adapting itself to the demands of social justice and the dictates of right reason. In addition to these general motives for the correction of judicial error, the present case does not present the question of the propriety of adhering to a former decision for the preservation of intervening property rights acquired thereunder, for the reason that the decision which is overruled in this case, was one which construed a "statute of descents." No property rights acquired under that construction of the statute could be invalidated by a change of construction in a subsequent decision. In that respect the overruling of a previous decision construing a statute or constitution differs from the effect

of the overruling of a decision on other topics. In the latter case the effect of the subsequent decision is retrospective and is the same as if there never had been any prior ruling. In the former case (made by the record before us) the effect of our decision is prospective only. The principle governing the case at bar, which is an exception to the general rule, is thus correctly stated: "The true rule in such cases is held to be to give a change of judicial construction in respect to a statute the same effect in its operation on contracts and existing contract rights that would be given to a legislative repeal or amendment; that is to say, make it prospective but not retroactive." This is the language of 7 R. C. L., p. 1010, par. 36, and supported by a citation of Federal and State cases. It follows that the concrete case does not fall within that class of cases where it becomes necessary, before overruling a former decision under which property rights have vested, to choose between the relative evils likely to ensue.

The judgment of the circuit court is reversed and the cause remanded to be proceeded with in a manner not inconsistent with this opinion. It is so ordered. All concur, except *Faris, J.,* who dissents: *Blair, J.,* concurs in separate opinion.

BLAIR, J. (concurring).—In this case the widow filed her election. Whether in the absence of such an election, she would have taken, automatically, under Section 351, is a question not arising on this record. I think a decision of that question should be deferred until it is presented. In the rest of the opinion I concur.