IN THE MATTER OF THE ADOPTION OF JOHN HENRY McFARLAND, A MINOR, BY E. J. GREEN AND MAGGIE O. GREEN, PETITIONER, RESPONDENTS, v. HOWARD KELLETT ET AL., APPELLANTS.*

Springfield Court of Appeals. Opinion filed December 21, 1928.

*Corpus Juris-Cyc References: Adoption of Children, 1CJ, section 5, p. 1373, n. 35; section 57, p. 1384, n. 94; section 80, p. 1388, n. 41; section 93, p. 1389, n. 75; Courts, 15CJ, section 200, p. 869, n. 45; Statutes, 36Cyc, p. 1128, n. 54; Venue, 40Cyc, p. 116, n. 16; p. 117, n. 18.

*Rinehart & Rinehart* and *H. J. Griffin* for appellants.

*Will H. D. Green* and *W. J. Orr* for respondents.

BAILEY, J.—This is a proceeding for the adoption of a minor child based on the provisions of article 1, chapter 11, Revised Statutes Missouri 1919. The petitioners are E. J. Green and Maggie O. Green, his wife. The minor is John Henry McFarland, age thirteen years, who was a resident of West Plains, Missouri, at the time the petition for adoption was filed, April 19, 1928, in the Juvenile Division of the Howell County Circuit Court. His father died some years prior to the institution of these proceedings and his mother also died April 13, 1928. The minor was left with an estate, in property and money, of the value of about $60,000. His nearest living blood relations are his maternal grandparents, Silas Monger and Susan E. Monger, residents of the State of Texas. After the filing of the petition for adoption by the Greens, the said grandparents also filed a like petition for adoption of said minor, and term themselves "intervenors."

On the 17th of April, 1928, Susan E. Monger filed an application in the Probate Court of Howell County, requesting the appointment of Howard Kellett as guardian and curator of the estate and person of the said John Henry McFarland, minor, and the said Howard Kellett was thereupon duly appointed by said court and qualified to act as such.

At the time of filing their petition for adoption the Greens also filed John Henry McFarland's written consent to his adoption by them. No consent of the guardian to the adoption was filed. A demurrer to the petition was filed by the guardian and overruled June 7, 1928. On the same day, said guardian filed an answer setting up, among other things, that the court had no jurisdiction to hear the petition for adoption because the guardian had not given his writ-

ten consent to the adoption. A written repudiation and withdrawal of his previous written consent to the adoption was filed by the said minor John Henry McFarland. The record further shows that on June 7th, Howard Kellett, guardian, filed an application for change of venue in due form setting up the statutory grounds of undue influence of the attorneys for petitioners over the mind of the court and bias and prejudice of the court against said guardian and John Henry McFarland, minor. A similar application was filed by the so-called intervenors. Both applications were overruled and exceptions saved. The hearing was held June 7, 1928, and resulted in a decree granting the petition for adoption filed by the said Greens. From this decree H. C. Kellett, the guardian, and Silas Monger and Sarah E. Monger, grandparents and "intervening petitioners," have appealed.

But two questions are presented. The first point made is that the juvenile court of Howell county had no jurisdiction to hear the petition or render a decree of adoption. This contention is based on the proposition that the written consent of the parents or guardian is a prerequisite to jurisdiction and that since both parents of the minor are dead and the written consent of the guardian was not obtained, the juvenile court had no jurisdiction in the matter. Both sides agree that adoption was unknown to the common law. [Clarkson v. Hatton, 143 Mo. 47, 44 S. W. 761.] It is of purely statutory creation in this country, although known and recognized by the civil law. [Holloway v. Jones, 246 S. W. 587.] From an early day adoption by deed has been provided by law in this state. [Laws 1857, p. 59; Clarkson v. Hatton, 143 Mo. 47.] In 1917, the law providing for adoption by deed was repealed and since that date adoption may be by decree of the juvenile division of the circuit court. [Laws 1917, p. 193, art. 1, chapter 11, R. S. Mo. 1919.]

The act provides that any reputable person desiring to adopt another person as his child, may petition the juvenile division of the circuit court of the county in which the person sought to be adopted resides. The adoption may be by husband and wife jointly. The law further provides that: "The court shall not decree the adoption, *except as hereinafter provided,* unless in cases where the child or person to be adopted is of the age of twelve years or over and consents in writing to the adoption; and in cases where the child or person to be adopted is under the age of twenty-one years, the parents or surviving parent and guardian of the child, if any, consent in writing, to the adoption; and the approval of the court shall be requisite in all cases, such approval being given or withheld as the welfare of the child or person sought to be adopted may, in the opinion of the court, demand. The consent of a parent of the child shall not be required if such person is insane, or is imprisoned under

a sentence which will not expire until two years after the date of the filing of the petition; or if he or she has willfully abandoned the child or neglected to provide proper care and maintenance for the two years last preceding such date. (Italic ours.) [Sec. 1096, R. S. Mo. 1919.]

The law also stipulates that notice shall be given the parties under circumstances as follows: ''If the written consent herein required is not filed in court, the court shall order notice, by personal service on the parties of the writ of summons and a copy of the petition, or if any such party cannot be found within this State, by a publication according to sections 1196 and 1203 of the Revised Statutes of Missouri of 1919. If, after such notice, a person whose consent is required does not appear, the court may act upon the petition without his consent and the judgment of the court shall be binding upon all persons so served: Provided, any such person shall have the right to appeal from such judgment, in the manner and form provided for appeals in the code of civil procedure.'' The statute further specifies that:

''If the court, after due hearing, is satisfied that the person or persons, petitioning to adopt such child is of good character, and of sufficient ability to properly care for, maintain and educate said child. and that the welfare of said child would be promoted by sustaining the petition for adoption, and that it is fit and proper that such adoption should be made, a decree shall be made setting forth the facts and ordering that from the date of the decree the child shall, to all legal intents and purposes, be the child of the petitioner or petitioners, and the court may decree that the name of the child be changed, according to the prayer of the petition.''

The foregoing references to our adoption law seem sufficient for the purpose of considering the question here involved. It is appellants' contention that for the adoption of any minor over the age of twelve and under twenty-one, the consent of the minor and also the consent of the parents, if living, or in case of their death (as here), then the consent of the duly appointed and qualified guardian of said minor, are prerequisite to the granting of a decree of adoption by the juvenile court and that without such consent said court has no jurisdiction. It is true that the adoption statute, being in derogation of the common law, should be strictly construed, as appellants contend. But as was well said by Judge ARNOLD of the Kansas City Court of Appeals, ''such statute should not be so narrowly construed as to defeat the manifest intent of the law.'' [Thompson et al. v. Arnold et al., 230 S. W. 322, l. c. 324.]

The adoption statute seems to be a complete code in itself. All sections of that act should be construed together and the manifest intent of the legislature declared to be the law. Referring again

to section 1096 supra, when the child is over twelve and under twenty-one, consent of the parents, or guardian, and child are required "except as hereinafter provided." This section was enacted in 1917 at the same time all other sections of the adoption law were adopted. The exception contained in the statute cannot reasonably be limited to the section itself in which it occurs. There are certain conditions set forth in section 1096 under which the consent of the parent, even if living, is not required. There is, however, no condition mentioned in that section under which the consent of the guardian is not required. Can it be that the legislature intended to place greater authority in the guardian than in the natural parents? We think not. The exception named must refer to other provisions of the law in addition to the provisions in that section applicable only to parents. If the consent of the guardian or minor be not obtained then section 1098 requires that they be served with notice and brought into court and a hearing held. If their consent were a prerequisite to the jurisdiction of the court in the matter, the requirement that they be served with notice when their consent is not obtained would be a futile and idle proceeding. In the Thompson case, supra, the Kansas City Court of Appeals declared that "The child's welfare should be the chief consideration in determining who shall have his final custody. The rights of the natural parent are supreme over others, but the welfare of the child is superior to the claims of the parent and even to the wishes of the child itself." [l. c. 324.] The law under consideration contains the same underlying principle as a guide to the court in rendering its decree.

It will be observed that the law provides that if after due hearing the court is satisfied, among other things, "that the welfare of said child would be promoted by sustaining the petition for adoption," the decree shall be made. If the matter is to be left entirely to the wishes or caprice of the guardian, or the minor himself, why should such authority or discretion be vested in the court? Clearly the law intended the court should have full authority in the matter, with or without the consent of the guardian or child. This is emphasized by the further fact that under the provisions of section 1096, supra, even where consent is given, "the approval of the court shall be requisite in all cases, such approval being given or withheld as the welfare of the child or person sought to be adopted may, in the opinion of the court, demand." The manifest intent of the law is that where consent of the guardian and child is not obtained, they shall be brought into court in order that they might contest the proof of facts required to be alleged in the petition for adoption. To hold the consent of the guardian and minor a prerequisite to jurisdiction would result in nullifying the beneficent purposes of the legislature in enacting the law under consideration and would take

from the court all real authority or control over the minor. This case itself contains an object lesson on that feature of the law. The petitioners first obtained the consent of the minor. Afterwards he withdrew this consent, but still says he would rather have the petitioners adopt him than anyone else but that he does not want to live in Mountain Grove. Perhaps in a short while he may change his mind again. Such an attitude is to be expected in a child. It is for that reason the court should decide for the child, keeping in mind constantly that the welfare of the child is paramount to all else. If a feeling of enmity existed between the minor and petitioners, if the surroundings into which the minor may be taken would be exceedingly distasteful to him, if questions of religious training or education were involved, the situation would require more careful consideration. We have no such facts. No fault is found with the decision of the court. We hold the court originally had jurisdiction and the decree was authorized under the evidence.

It is urged that the juvenile court of Howell county erred in overruling the application for change of venue filed by the guardian, appellant herein. The question is, whether a change of venue may be taken from the juvenile court, which is a division of the circuit court, in a proceeding for the adoption of a minor child, pending before such juvenile court. It is fundamental that the right to a change of venue does not exist in this State except by statutory enactment. [Heather v. Palmyra, 276 S. W. 872 l. c. 875.]

The application in the case at bar is in the form prescribed for obtaining a change of venue in suits in courts of record. The statutory provision is contained in Section 1357, Revised Statutes Missouri 1919, which in part reads as follows: "A change of venue may be awarded in any civil suit to any court of record for any of the following causes, etc."

There is no other statute granting the right to a change of venue in courts of record in civil proceedings, except those laws limited to certain counties and not applicable here. Article 1, of chapter 11, Revised Statutes Missouri 1919, appertaining to adoption of children through proceedings in juvenile courts, contains no provisions whatever as to change of venue. Likewise the statute creating the juvenile division of the circuit court makes no mention of the right to a change of venue. [Sec. 1136, R. S. Mo. 1919.] If the right exists we must look solely to the provisions of section 1357, supra, for upholding such right. In order to do so, in construing the wording of the statute, it must be held that proceedings for the adoption of children are civil suits and that juvenile courts are such courts of record as are contemplated by that statute. Referring first to the question of the present proceeding being a civil suit, it has been held that a mandamus proceeding is not a civil suit within the meaning of the change of venue statute and that no right to a change

of venue exists in such cases. [Heather v. Palmyra, supra, l. c. 875.] In the case of Cole v. Cole, 89 Mo. App. 228, the right to a change of venue in a proceeding to modify a divorce decree was denied. At page 233 the court of appeals says: "The question arises, whether a change of venue is permissible on such subsequent motion for modification of the decree? This is to be answered by ascertaining whether the motion can be considered a new suit, because changes of venue may only be awarded in suits."

In the case of State ex rel. v. Riley, 203 Mo. 175, 101 S. W. 567, the question arose as to whether or not the statutory proceeding for the establishment of a drainage district was a "civil suit" within the meaning of the change of venue statute. Our Supreme Court held that it was. The opinion, after an exhaustive review of authorities as to the meaning of the phrase civil suits, defines the term in language as follows: "According to the definitions and the foregoing authorities it is clearly deducible that the words 'civil cases' as used in the Constitution and 'civil suits' as employed in our civil code mean the proceeding, actions or suits by which private rights are protected, enforced or their violation redressed." Does an adoption proceeding fall within the terms of that definition?

A proceeding for the adoption of a child is generally designated as being in the nature of a proceeding *in rem*, "the purpose being to change the *status* of the child in its relation to the adoptive parent, etc." [1 R. C. L., p. 602.] It does, however, in most cases, involve personal rights. In the case at bar, of course, the rights of parents in their child are not involved. If, however, the parents were living and parties to this proceeding, as they would necessarily be, it is clear the private rights of such parents would have to be reckoned with by the court before whom the proceeding might be pending. That such a right in the parent is one of substance, often a valuable right as well as sentimental, and one in which he is entitled to the full protection of the law, is of course beyond question. It is also a civil right, as distinguished from criminal, and, we think, within the terms of a civil suit as defined by our Supreme Court. It follows if the parents were involved in this proceeding the right to a change of venue would exist in them unless for other reasons, hereinafter discussed, such right does not exist. The parents being dead, the guardian and curator appointed by the probate court, stands in their place. It is true the same rights do not inhere to the appointed guardian and parent. He is, however, intrusted with the duty of protecting his ward's estate and is charged with the custody and control of the person of such ward and represents his ward in all legal proceedings. [Secs. 390, 391, R. S. Mo. 1919.]

The guardian cannot properly protect such rights if denied the right of a change of venue in a proceeding for adoption that not only

involves the whole future life of his ward, but, in a measure, the property rights of his ward as well. It is a proceeding above all others in which the action of the court should be taken without prejudice or influence. If such prejudice is alleged to exist, the application for change of venue, if in proper form, must be sustained, unless it may be said the juvenile court is not a court of record such as is contemplated by the change of venue statute.

The statute under consideration refers in general terms to "any court of record." It has been held that, although a probate court is a court of record, that provisions of section 1357, have no application to it. It is said that "the courts of record mentioned in that section are courts having general original jurisdiction of the subject of the suit." |Morris v. Lane, 44 Mo. App. 1; Bradley v. Woerner, 46 Mo. App. 371.]

The so-called "juvenile court" is but a division of the circuit court and is in fact presided over by the same judge. The statute gives to the *circuit court* original jurisdiction in all matters appertaining to the treatment and correction of delinquent minors and when acting in that capacity it is called the juvenile court. [Sec. 1136, R. S. Mo. 1919.]

The adoption statute itself refers to "the juvenile division of the circuit court." It is then not a separate court but a division of the circuit court which certainly has original, general common-law jurisdiction. We perceive no sound reason for holding the juvenile division of the circuit court not to be a court of record from which a change of venue may be taken. It follows this judgment should be reversed and the cause remanded for failure to sustain the application for change of venue filed by the said guardian and curator. It is so ordered. *Cox, P. J.*, and *Bradley, J.*, concur.