In the Matter of the Estate of JOHN N. OPEL, Deceased, THE SECURITY NATIONAL BANK SAVINGS AND TRUST COMPANY, a Corporation, Executor of the estate of ALICE J. OPEL, Deceased, v. GEORGE L. AURIEN, Administrator c. t. a., Estate of JOHN N. OPEL, Deceased, Appellant.—No. 38112.—179 S. W. (2d) 1.

Court en Banc, March 6, 1944.

Rehearing Denied, April 3, 1944.

*John W. Calhoun* and *Marvin E. Boisseau* for appellant.

594

*Fred A. Eppenberger* and *Wilbur B. Jones* for respondent; *Salkey & Jones* of counsel.

■ CLARK, J.—Appellant is the administrator, with the will annexed, of the estate of John N. Opel, deceased, and respondent is the executor of the estate of Alice J. Opel, deceased widow of John N. Opel. The case originated in the probate court of the City of St. Louis by the filing of respondent's petition for the allowance to the estate of Alice J. Opel of one-half the personal property of the John N. Opel estate, subject to the payment of debts. The petition was sustained by the probate court. On appeal to the circuit court the case was tried to a jury and, at the close of all the evidence, the court instructed the jury to return a verdict for respondent. From the judgment ■ rendered on this directed verdict, an appeal has been taken. The amount involved gives this court jurisdiction..

Appellant filed no pleading in either the probate or the circuit court. His theory, as disclosed by the evidence introduced and instructions requested by him at the trial and the briefs filed here, is: (1) that Alice J. Opel was not entitled to one-half the personal property of her deceased husband under Section 325 because she failed to file an election as provided in Sections 327 and 329; [R. S. Mo. 1939, Mo. R. S. A., vol. 1, pp. 607, 613.] (2) that her executor is estopped from claiming under Section 325 because of his alleged attempt to claim inconsistent benefits under the will of John N. Opel, and because of an alleged oral agreement between John N. Opel and Alice J. Opel to execute mutual wills.

John N. Opel died December 31, 1935, and his wife died nine days later, at the ages of 83 and 80 years, respectively. Neither left children or descendants. Mrs. Opel left property valued at about $20,000.00, and Mr. Opel left about $23,000.00 in personal property and also some real estate. Both left wills which were duly admitted to probate. The will of Mr. Opel, apparently written by himself, was dated March 26, 1930, and in item (2) all his personal property was bequeathed to his wife; in item (3) all the residue, real and personal, was devised and bequeathed to his wife for life with power of disposal, but in such manner that the estate should be kept intact and not reduced in value, and if his wife should remarry the estate should under no circumstances be liable for the debts of her husband or her relatives; item (4), (5) and (6) provided for the distribution of the estate to named persons after his wife's death; and item (7) is as follows: "This space is intended for the attachment of such changes as may be executed in this will provided, and when so executed and attached they are to be construed as a part of this will. Each execution to be signed by the testator.",

The will of Mrs. Opel was dated September 16, 1930. It bequeathed certain personal property, such as household goods, furniture, silver-

ware, and automobiles to her husband outright. The residue of the estate was placed in trust with directions to pay the net income to her husband during his life and, if necessary, to encroach upon the principal for his reasonable care and comfort, or because of illness, infirmity or any other emergency. It provided that after the death of the husband, the property remaining should be distributed to certain named persons. The husband was named as one of the trustees and as one of the executors.

Mr. Opel died suddenly, falling dead at the bedside of his. wife who was then very ill. The next day she was taken to a hospital where she remained until her death a few days later. Under the testimony it is very doubtful that she ever realized that her husband had died. Certain it is that she was never mentally or physically able after his death to transact any business in reference to his estate, and his will was not filed for probate until after her death. It was developed that appellant, as administrator of Mr. Opel's estate, brought a suit to construe his will and determine whether his widow took complete ownership of all his personal property under item (2) or only a life estate under items (3) and (4). In that suit the executor of Mrs. Opel's estate and her residuary legatees were represented by different attorneys and filed separate answers, the answer of the legatees claiming that Mr. Opel's will should be construed to give his widow complete ownership of his personal property. That suit finally resulted in a construction that the will granted only a life estate in the personalty. [137 S. W. (2d) 679.] On cross-examination of two of the four residuary legatees of Mrs. Opel, as to their answer in that case, one said that the executor handled that for them, and the other said she guessed that the executor took that position for them.

In the instant case in the circuit court two witnesses testified for appellant. Byron Moser said that some time prior to the date of Mr. Opel's will both Mr. and Mrs. Opel told him that each had a separate estate; "that each had agreed with the other, they told me, in case he died, for instance, that his estate would be left so that Mrs. Opel would get the benefit of that estate during her lifetime, and that after she died that the estate would be distributed according to his wishes in his will, and vice versa. In other words, both agreed upon the same general plan, so they told me." He further said they later told him they had carried out their wishes and had drawn wills just like they had related to him that they desired to do.

George Aurien, a nephew of John N. Opel and administrator of his estate, said: "My aunt told me that they had talked the matter over as to just how they were going to dispose of their property; that instead of taking an outright interest in each other's estate they agreed to put their estate in trust for each other for life; that his relatives receive after her death all of his property and, likwise, her

folks would receive after his death, and that they had made their wills out accordingly.''

In rebuttal, respondent offered Mr. Wigge, who wrote Mrs. Opel's will. He said she never at any time told him she had any understanding with Mr. Opel as to the disposition of her property.

This appeal was first lodged in Division Two of this court and appellant cited some early cases, particularly Bryant v. Christian, 58 Mo. 98, in support of his contention that a widow of a deceased husband who left no descendants cannot take one-half his personal property under Section 325 without filing an election under Sections 327 and 329. Since then this court en banc decided in In re Dean's Estate, 350 Mo. 494, 166 S. W. (2d) 529, that a widow under such circumstances is entitled to one-half her deceased husband's personalty, subject to his debts, without filing an election, and that she is not deprived of that right by contrary provisions in his will. We also held in that case that the holding in the Bryant case on this point was overruled in Klocke v. Klocke, 276 Mo. 572, 208 S. W. 825. Cases cited in the Dean case will show that our ruling there is in harmony with our decisions since the Bryant case and with many decisions of our courts of appeals.

Appellant's contention that respondent is estopped to claim one-half the personal property by reason of having taken an inconsistent position in the suit to construe Mr. Opel's will requires little discussion. There is no evidence that respondent's answer in that case made claim to complete ownership of all the personalty of Mr. Opel's estate. The separate answer of Mrs. Opel's residuary legatees, filed by an attorney who did not represent respondent, did so claim, but the evidence is insufficient to fasten responsibility for such claim on respondent.

The remaining contention of appellant relates to his claim that Mr. and Mrs. Opel made an oral agreement to execute mutual wills which has been fully performed by the execution of such wills and her estate is estopped to claim in a manner inconsistent with the will of her husband. Appellant further claims that there was *some* substantial evidence of such oral agreement, and, therefore, the circuit court erred in directing a verdict for respondent.

As heretofore stated, the case originated in the probate court on respondent's motion or petition to adjudge that Mrs. Opel was vested with a one-half interest in her husband's personalty at his death, subject to his debts, and that same be paid to her executor at such time as the court might order, but not later than at the time of final settlement of Mr. Opel's estate. Appellant filed no pleading. The trial was without a jury in the probate court. On appeal to the circuit court the trial was to a jury, at whose request the record does not disclose. Both parties seem to consider the case as one at law rather than in equity, for the reason, no doubt, that while the defense

relating to an oral contract for mutual wills is of an equitable nature, appellant did not ask for affirmative relief by way of specific performance. As we understand it, appellant claims the contract has been performed and interposes the defense as a bar by way of estoppel to respondent's claim.

Respondent's petition did not constitute the filing of an independent suit. It amounted to an application for an order in the pending administration proceedings. But even though it, be a case at law, it does not follow that it is one in which the right to trial by jury is guaranteed.

"The right to demand a trial by jury in administration proceedings was not given by the common law, and exists only when, and to the extent that, it may be given by some statute. Thus, there is no right to a jury to try exceptions to an account of a personal representative in a probate court, except where a jury trial is provided for by statute; but the court may for its own satisfaction submit issues to a jury whose verdict will be merely advisory." [35 C. J., p. 180, sec. 68.]

"While in some states it is provided that on an appeal from a judgment or decree of a probate court the court may submit issues of fact to a jury, there is no absolute right to a jury trial on such appeals, except in jurisdictions where the right to demand a jury on the trial of the appeal is expressly conferred by statute." [35 C. J., p. 196, sec. 103.]

In Bradley v. Woerner, 46 Mo. App. 371, the St. Louis Court of Appeals held that ▇ our code of civil procedure does not provide for a jury in a contested claim for a widow's allowance in the probate court.

In Howard v. Strode, 242 Mo. 210, 146 S. W. 792, a woman claiming to be the widow of a deceased person whose estate was being administered, filed an application in the probate court for the share of a child in the personal property of her husband under what is now Section 323, Revised Statutes Missouri 1939. [Mo. R. S. A., vol. 1, p. 589.] The matter was appealed to the circuit court where a jury was demanded and refused. This court sustained the action of the circuit court, saying:

"At common law a wife had no rights in the personalty of her husband; hence no right of trial by jury can be based on the common law. Nor will it avail to appeal to the Constitution. Under section 28 of article 2 of that instrument, the right of trial by jury is limited to the right 'as heretofore enjoyed.' We have recently decided that this clause refers to the right of trial by jury as it existed prior to the date when the Constitution was adopted, namely, 1875. [State ex rel. v. Holtcamp, 235 Mo. 232; King City v. Duncan, 238 Mo. 513.]"

We also said that the right of trial by jury in such cases did not exist before 1875, and is not granted by any statute; that obviously the determination of the amount of a child's share in such a pro-

ceeding involves an accounting from the beginning of the administration and is not suited to a jury trial; further, that the proceeding does not constitute a suit, but merely a motion filed in pending proceedings to be passed upon by the court.

We adhere to the ruling in the case last cited and see no distinction between the proceeding there to determine the right of a widow to a child's share where the husband left children, and here to determine her right to a one-half interest where no descendants survived. No one would contend that either party in the present case was entitled to a jury in the probate court, as a matter of right, and we know of no statute which accords the right to a jury on appeal of such a proceeding. The trial was de novo by the circuit court, the verdict of the jury was merely advisory and it was the province of the court to determine the sufficiency of the evidence.

So far as we can find, every opinion on the subject adopted by an appellate court of this state has required a very high degree of proof to establish an oral contract to execute mutual wills or to execute a will in a particular way. This is true whether such oral contract be interposed as a defense or offered as a basis for specific performance. Such oral contract must be definite; proven as pleaded; cannot be established by loose or casual conversations; must be fair and the proof leave no reasonable doubt that the contract as pleaded was in fact made and has been performed by the party relying on the contract or the one through whom he claims. Of many cases, we cite the following: Walker v. Bohannan, 243 Mo. 119, 147 S. W. 1024; Wanger v. Marr, 257 Mo. 482, 165 S. W. 1027; Plemmons v. Pemberton, 346 Mo. 45, 139 S. W. (2d) 910; Shaw v. Hamilton, 346 Mo. 366, 141 S. W. (2d) 817.

Here the only evidence of an agreement between Mr. and Mrs. Opel is the testimony of Byron Moser and George Aurien. That testimony is indefinite and uncorroborated by any other circumstance. The wills were not made at the same time, do not refer to each other or to any agreement between the testators. The will of Mrs. Opel was executed several months after that of her husband, yet she made no mention of her husband's will to the person who drew her will. The wills are not reciprocal, differ in their terms and do not comply with the alleged agreement testified to by Moser and Aurien. The will of Mr. Opel requires the personalty to be kept intact and its value undiminished, while the will of Mrs. Opel permits encroachment upon the principal of her estate. The will of Mr. Opel shows on its face that he reserved the right to change it.

We hold that the evidence is insufficient to establish the oral contract and the trial court did not err in directing a verdict for respondent.

Accordingly, the judgment is affirmed. All concur except *Gantt*, *J.*, absent.